Leonard Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 30, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

Scott F. Breidenbach, Assistant Public Defender, for petitioner.

Arthur R. Thomas, Assistant Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Opinion by Judge Doyle, January 29, 1986:

This is an appeal by Leonard Robinson (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) denying Petitioner's request for administrative relief. On April 20, 1981 Petitioner was paroled from prison where he had been serving a term of three to ten years for robbery. On May 10, 1983 Petitioner was arrested by Philadelphia County authorities on charges of robbery, carrying firearms on a public street/place, aggravated assault, simple assault, possession of an instrument of crime,

and recklessly endangering another person. On May 16, 1983 Petitioner was arrested by Philadelphia County authorities on charges of robbery, theft by unlawful taking, theft by receiving stolen property, aggravated assault, simple assault, recklessly endangering another person, carrying a firearm without a license, carrying a firearm on a public street/place, and possession of an instrument of crime.

On May 24, 1983 Petitioner waived his preliminary hearing with respect to the May 10, 1983 arrest and sought from the Board a continuance of his violation and revocation hearing relative to the May 10, 1983 charges. Said continuance was requested "pending disposition of criminal charges and sentencing, if convicted." Petitioner was found guilty of the May 10, 1983 charges on April 27, 1984 and sentenced on November 5, 1984. His Board hearing was held February 6, 1985.

With respect to the May 16, 1983 charges, Petitioner, on June 7, 1983, waived his preliminary hearing and sought a continuance of his Board hearing "pending disposition of criminal charges and sentencing, if convicted." Petitioner pled guilty only to the charge of robbery in connection with the May 16 incident; said plea was entered November 14, 1984. Sentencing was deferred. Petitioner's Board hearing relative to the May 16 charges was held February 6, 1985. Subsequent to the hearing the Board issued an order recommitting Petitioner to serve six years, seven months, and twenty-three days as a convicted and technical parole violator,[1] the balance of his original

---

[1] The order of the Board reads, "RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A TECHNICAL PAROLE VIOLATOR AND AS A CONVICTED PAROLE VIOLATOR TO SERVE UNEXPIRED TERM—6 YEARS, 7 MONTHS, 23 DAYS" without distinction, as to time to be served, for each of the two types of violations.

term. Petitioner's petition for administrative relief was denied and hence the instant appeal to this Court.

On appeal Petitioner presents three arguments for our consideration. We will address them seriatim keeping in mind that our scope of review of a Board order is limited to determining whether the Board's findings are supported by substantial evidence, are in accordance with the law, and whether Petitioner's constitutional rights have been violated. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984).

Petitioner first asserts that both his hearings were untimely. Specifically Petitioner asserts that his hearing relative to the May 10 charges should have been held within 120 days of the *date he requested the continuance.* His signed request, however, indicates that his continuance was to be granted until disposition of his criminal charges and sentencing. The date the Board officially received verification that those charges were in fact disposed of by sentencing triggers the beginning of the 120 day period. 37 Pa. Code §74.4(2). Petitioner was transferred to the State Correctional Institution at Graterford November 8, 1984 and his hearing was held February 6, 1985, well within the 120 day period.[2]

With respect to the May 16 charges, Petitioner argues that he requested a continuance until disposition of the criminal charges and that his hearing was held after he pled guilty but before he was sentenced. (Petitioner was finally sentenced on May 2, 1985 for the robbery conviction.) But, Petitioner *never* argued

---

[2] Board regulations provide that technical parole violation hearings are to be held within a 120 days of the preliminary hearing, 37 Pa. Code §71.2(11), and convicted parole violation hearings within 120 days of the time the Board receives official verification of the guilty plea or nolo contendere of the guilty verdict. 37 Pa. Code §71.4(2). Continuances which are granted toll the applicable 120 day periods. *See* 37 Pa. Code §71.5(i) ; 37 Pa. Code §71.4(2) (ii).

before the Board that his hearing was *premature*. Rather he maintained and continues to maintain that the Board, by holding the hearing prior to sentencing, nullified its continuance for all intents and purposes and hence that the continuance cannot be used to justify the fact that his hearing was held more than 120 days after the waiver of the preliminary hearing. First, Petitioner has presented no reason as to why the holding of the Board hearing subsequent to his conviction but prior to his sentencing has prejudiced him. Second, even if the Board acted improperly in holding the hearing before the sentencing, that would not nullify the continuance. It would only give Petitioner a basis to object to the prematurity of the hearing—an objection he never made and does not make now. Accordingly, Petitioner has waived any complaint with respect to this matter.

Petitioner next contends that the Board order was not specific enough in reciting the evidence on which it relied in determining that Petitioner had violated technical parole conditions 5(b) (refrain from owning or possessing any firearm or other weapons) and 5(c) (refrain from assaultive behavior). Petitioner's Board hearing notices indicate that he was being charged with violations for both arrests here in question. The Board's adjudication and order states in pertinent part:

> EVIDENCE RELIED ON: CONVICTIONS IN A COURT OF RECORD. TESTIMONY OF AGENT SANCHEZ REGARDING NO. 3A. TESTIMONY OF AGENT GILHOOL REGARDING NO. 3B. PROOF OF CONVICTION, ALSO REGARDING NO. 5B AND NO. 5C. LOG REGARDING NO. 3A. PHILADELPHIA OFFICE RECORD REGARDING NO. 3A. PROOF OF CONVICTION REGARDING NO. 5C.

While this adjudication could have been more specific and less confusing, it is apparent that the finding of violations of 5(b) and 5(c) *together* relates to the conviction on the May 10 charges which charges encompassed assaultive behavior *and* possession of a weapon, whereas the finding of a violation of 5(c) *only* relates to the conviction for robbery arising from the May 16 charges. This interpretation is logical because the definition of robbery encompasses assaultive behavior, but not use of a weapon. *See* 18 Pa. C. S. §3701. Obviously Petitioner's convictions do provide substantial evidence to sustain the Board's findings. *See Simpson v. Pennsylvania Board of Probation and Parole,* 81 Pa. Commonwealth Ct. 432, 473 A.2d 753 (1984).

Finally, Petitioner asserts that the Board abused its discretion in recommitting him as a technical parole violator for twenty-four months, in excess of the applicable presumptive range (six to eighteen months) appearing in Board regulation 75.4, 37 Pa. Code §75.4. We have previously held that the Board may recommit a parolee for a period beyond the presumptive range without abusing its discretion provided it cites aggravating circumstances to support its decision to do so. *Krantz.* The Board gave four reasons for imposing the additional time: (1) multiple convictions (2) multiple violations (3) on parole for robbery (4) use of weapon.

With respect to reason two, Petitioner is correct in his assertion that multiple technical parole violations itself can not be a basis for increasing the presumptive range because the six to eighteen months range is *itself* the range applicable to multiple violations. Moreover, the Board regulation 75.3, governing technical parole violations, provides, "[w]hen multiple violations occur, the presumptive range will be used which has the highest back time range of those condi-

tions violated." As we read this rule it precludes the Board from imposing additional time beyond the presumptive range for multiple technical parole violations *solely* on the basis of the multiplicity of the technical parole violations. *Cf. Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984) (holding that the Board may in its discretion recommit for each separate *criminal conviction,* but that *technical violations* require aggregation).

With respect to the other three reasons cited by the Board, although these reasons satisfy the mandate of *Krantz,* we note that they relate directly to the new crimes for which Petitioner has been convicted. In a recent decision, *Rivenbark v. Pennsylvania Board of Probation and Parole,* Pa. , A.2d (No. 27 E.D. 1985), the Pennsylvania Supreme Court held that the Board is without power to recommit parolees for technical violations when those technical violations are based upon acts which constituted the new crime(s) of which a parolee was convicted. Thus, the *Rivenbark* Court remanded the matter to the Board for reconsideration of the parolee's period of recommitment. We must do the same.

Accordingly, the order of the Board is vacated and the case is remanded for reconsideration of Petitioner's period of recommitment in accordance with the holding in *Rivenbark* and this opinion.

ORDER

Now, January 29, 1986, the order of the Pennsylvania Board of Probation and Parole in the above captioned matter is hereby vacated and the case is remanded to the Board for reconsideration of Petitioner's period of recommitment.

Jurisdiction relinquished.