508 A.2d 1314

Stephen Pitt, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 25, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, May 7, 1986:

Stephen Pitt appeals from a decision of the Pennsylvania Board of Probation and Parole denying his petition for administrative relief from a board order which recommitted him for a recommitment (backtime) period of 36 months as a technical and convicted parole violator.

After the April 3, 1983 expiration of Mr. Pitt's minimum sentence of 10 to 20 years for his conviction on two counts of rape, the board paroled Mr. Pitt on November 18, 1983. While Mr. Pitt was on parole supervision, the Darby Borough police arrested him on January 13, 1984, and filed against him various criminal charges, including rape. In April 1984, a Delaware County jury found Mr. Pitt guilty of rape, robbery, theft by unlawful taking and possession of an instrument of crime and sentenced him to 22½ to 45 years in prison.

Consequently, on May 29, 1985, the board conducted a violation revocation hearing and on June 10, 1985, determined Mr. Pitt to be a technical and convicted parole violator, and recommitted him to serve 36 months backtime.

The board recommitted Mr. Pitt as a convicted parole violator based on his new rape conviction and as a technical parole violator for violating conditions 1, 5(b) and 5(c) of his parole. Condition 1 prohibited Mr. Pitt from leaving Philadelphia without written permission of the parole supervision staff; Condition 5(b) prohibited Mr. Pitt from owning or possessing any weapon; and Condition 5(c) prohibited Mr. Pitt from indulging in assaultive behavior.

Mr. Pitt does not deny that he violated conditions of his parole. However, he contends that *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), prohibits the board from recommitting him as a technical parole violator for breaching conditions 5(b) and 5(c) because his actions in violation of those conditions constituted new crimes for which he has been convicted. Mr. Pitt also argues that his recommitment for allegedly breaching condition (1) is invalid because the breach is based solely on improperly admitted hearsay evidence.

The board concedes, and we agree, that Mr. Pitt correctly reads *Rivenbark* to preclude the board from recommitting him as a technical parole violator for violating conditions 5(b) and 5(c) of his parole. However, we find Mr. Pitt's hearsay objection invalid, because the criminal case transcript on page 223 includes Mr. Pitt's admission that he was outside Philadelphia when he was arrested on January 13, 1984.

The backtime or recommitment period the board imposes on parole violators simply establishes a new parole eligibility date for the parolee. It does not entitle

him to release after the expiration of that period. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984). The board, in its determination of a recommitment period for convicted and technical parole violators, is guided by the presumptive ranges set forth in 37 Pa. Code §§75.2 and 75.4, respectively.

The board's order—appended in a footnote[1]—is vague, ambiguous and capable of various interpreta-

---

[1] AS RECORDED ON 0529B5 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:
Recommit to a state correctional institution as a technical and convicted parole violator to serve unexpired term.
36 Months for multiple violations:
—Violation of condition # 1, by leaving the district to which paroled without prior written permission of parole supervision staff,
—Violation of condition # 5b, refrain from owning or possessing any firearms or other weapon,
—Violation of condition # 5c, refrain from any assaultive behavior.
Evidence relied on: Agent's testimony as to conditions. Notes of testimony. The presumptive range is 6 to 18 months. Reasons: Technical violations established. Not amenable to parole supervision.
Unexpired term for the offense of rape. Evidence relied on: Court documents. Notes of testimony. Violation report. The presumptive range is 36 to 48 months. Reason: Conviction in a court of record established. Aggravating reasons: On parole for rape (2 counts). Short period on parole. Weapon involved. Pattern of assaultive offenses against women. (BJ)
If you wish to appeal this decision, you must file a request for administrative relief with the board within thirty days of this order. This request shall set forth specifically the factual and legal basis for the allegations. See 37 Pa. Code Sec. 71.5(h). You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court.
Parole violation max date: 101494

tions. For instance, it can be read as imposing *only* a total of 36 months backtime altogether, for both the technical violations and conviction violations. However, we read the board's order as imposing upon Mr. Pitt "unexpired term" backtime—approximately 9 years and 4 months—for his new rape conviction *in addition to* 36 months backtime as a technical parole violator for breaching conditions 1, 5(b) and 5(c). Hereafter, we will construe vague orders from the board against the board.

Having concluded that the board erred by recommitting Mr. Pitt for violating conditions 5(b) and 5(c), the board could recommit Mr. Pitt as a technical violator for breach of condition 1 only. The presumptive range for that violation is 6-to-12 months. Thus, we must remand this case to the board for it to impose a proper backtime for Mr. Pitt as a technical parole violator. Futhermore, the board should clarify and confirm the amount of backtime imposed for the new rape conviction, and should also confirm that the backtime assessed for the technical violation and the new rape conviction are to run concurrently, as the "PAROLE VIOLATION MAX DATE" of October 14, 1994 appears to indicate.

Accordingly, we remand this case to the board.

### ORDER

Now, May 7, 1986, we vacate the order of the Pennsylvania Board of Probation and Parole entered at No. 5254-K, on July 18, 1985, and remand this matter to the board for it to impose backtime for Stephen Pitt as a technical parole violator; clarify and confirm the amount of backtime imposed for the new rape conviction; and confirm that the backtime assessed for the technical violation and the new rape conviction are to run concurrently.

Jurisdiction relinquished.