520 A.2d 1230

Leonard Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Leonard Robinson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

496

Submitted on briefs December 4, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Scott F. Breidenbach*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

Opinion by Judge MacPhail, February 5, 1987:

Leonard Robinson (Petitioner) has filed two petitions for review from actions taken by the Pennsylvania Board of Probation and Parole (Board). The first petition, docketed at No. 682 C.D. 1986, was filed by Petitioner *pro se* and sought direct review of a March 3, 1986 Board order regarding Petitioner's recommitment as a technical and convicted parole violator. This petition was filed without prior resort to the application for administrative relief required by 37 Pa. Code §71.5(h).

Counsel, who was appointed to represent Petitioner in his appeal, subsequently proceeded to seek administrative review by the Board of its March 3 order. Following Board action on the application for administrative relief, a second petition for review, docketed at No. 1942 C.D. 1986, was filed with this Court.[1] The two petitions have been consolidated for our consideration.

We note preliminarily that the petition for review docketed at No. 682 C.D. 1986 must be quashed for failure to exhaust available administrative remedies. Board regulations clearly require that administrative review of recommitment orders be sought before an appeal may properly be filed with this Court. 37 Pa. Code §71.5(h).

> [I]t has been this Court's past practice where a parolee has filed a pro se petition for review within thirty days of the date of the Board's recommitment order but failed to file for administrative relief under 37 Pa. Code §71.5(h), to dismiss the petition without prejudice to the parolee's right to seek the appropriate administrative relief with the Board.

*St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa. Commonwealth Ct. 561, 571-2, 493 A.2d 146, 153 (1985). Since counsel for Petitioner has already properly sought administrative relief from the Board and has filed a timely appeal therefrom with this Court, we may quash the original improvidently-filed petition without prejudicing the remaining valid appeal.

---

[1] Although Petitioner alleges in his brief that administrative relief was *denied* by the Board on May 23, 1986, we have found no verification of such Board action in the record certified to this Court on appeal. In fact, the record reflects a Board decision rendered on May 23, 1986 which modified prior Board orders and decreased the backtime assessed for Petitioner's technical violations from twenty-four to eighteen months. We, accordingly, consider this Board order, as corrected for typographical errors on June 23, 1986, to be the proper subject of review in the instant appeal.

Turning to the merits of Petitioner's remaining appeal, we observe that the procedural history of this matter has been previously detailed in *Robinson v. Pennsylvania Board of Probation and Parole (Robinson I),* 94 Pa. Commonwealth Ct. 397, 503 A.2d 1048 (1986) and need not be repeated here. In *Robinson I,* Petitioner had appealed from a Board order recommitting him to serve twenty-four months backtime for multiple technical violations and to serve his unexpired term as a convicted parole violator. This Court, per Judge DOYLE, vacated the Board's order and remanded for reconsideration of Petitioner's period of recommitment in light of our Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985).[2]

On reconsideration, the Board deleted reference to two of the four technical violations cited in its original order.[3] The Board, however, reaffirmed the twenty-four month backtime previously ordered for the technical violations as well as its order that Petitioner serve the remainder of his term as a convicted parole violator.[4]

---

[2] In *Rivenbark* the Supreme Court held that a parolee may not be recommitted as both a technical and convicted parole violator when the technical parole violation was based on the same act for which the parolee was newly convicted.

[3] The original order referred to violations of general parole conditions 3a (reporting regularly to parole supervision staff); 3b (notifying parole supervision staff within 72 hours of an arrest); 5b (refraining from owning or possessing firearms or other weapons); and 5c (refraining from assaultive behavior). On reconsideration, the Board deleted reference to conditions 5b and 5c but reaffirmed the recommitment for twenty-four months for violation of conditions 3a and 3b.

[4] The Board also reaffirmed the aggravating factors it had previously cited in support of exceeding the applicable presumptive range of six to eighteen months for Petitioner's technical violations. *See generally* 37 Pa. Code §§75.3—75.4.

Apparently in response to Petitioner's subsequent application for administrative relief, the Board rendered a decision on May 23, 1986 modifying its prior orders by eliminating the aggravating factors it had used in support of exceeding the presumptive range provided in Board regulations for Petitioner's technical violations and decreased the backtime regarding those violations to eighteen months. This six month decrease in backtime for the technical violations, however, was not reflected in a commensurate decrease in Petitioner's total backtime to be served due to the extant order that Petitioner must serve the balance of his unexpired term.

The sole issue raised in the instant appeal is whether the Board has the authority to impose concurrent periods of backtime when, as in the instant case, an aggregation of the backtimes ordered would exceed the amount of time remaining on the underlying sentence. As analyzed more fully below, we conclude that the Board's imposition of concurrent periods of backtime was a proper exercise of discretion in the case *sub judice* and that the Board was not required to accelerate Petitioner's reparole eligibility date when it reduced the period of backtime ordered for his technical violations.

This Court may not disturb a Board order absent an error of law, a lack of substantial evidence to support necessary fact findings or a violation of constitutional rights. *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). The Board has broad discretion in administering parole laws, *Keith v. Pennsylvania Board of Probation and Parole*, 76 Pa. Commonwealth Ct. 544, 464 A.2d 659 (1983), and must be granted deference in the interpretation of its own regulations unless its construction is inconsistent with statutory authority or erroneous. *Wagner v. Pennsylvania Board of Probation and Parole*, 92 Pa. Commonwealth Ct. 132, 498 A.2d 1007 (1985).

The backtime presently ordered by the Board in this case is within the applicable presumptive ranges provided by Board regulations. *See* 37 Pa. Code §§75.2 and 75.4. Petitioner does not argue otherwise. The Board contends that when a parolee is properly recommitted as a convicted parole violator to serve his unexpired term, any recommitment time ordered for technical violations must run concurrently. We agree but would caution the Board, as we have done in the past, to specify in its orders when separate backtime periods are intended to be served concurrently. *Cf. Pitt v. Pennsylvania Board of Probation and Parole,* 97 Pa. Commonwealth Ct. 116, 508 A.2d 1314 (1986) (Board order vacated and remanded for confirmation, *inter alia,* that backtime assessed for technical violation and new criminal conviction are to run concurrently).

We have in the past implicitly recognized that the Board may, within its discretion, impose concurrent periods of backtime. *Garris v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 420, 516 A.2d 808 (1986), *Pitt.* In *Garris* we held that the Board need not recalculate backtime after modifying a recommitment by deleting technical violations where the remaining conviction violations would justify the entire recommitment period in and of themselves. Moreover, our Supreme Court noted the following in *Massey v. Pennsylvania Board of Probation and Parole,* 509 Pa. 256, 258 n.7, 501 A.2d 1114, 1115-16 n.7 (1985) regarding recommitment periods identical to those imposed in the instant case:

> Although not explicitly stated, we assume the period of recommitment as a technical violator was to run concurrent with the period of recommitment for the conviction violation since any other interpretation would lead to the impermissible result of the appellant remaining in-

carcerated for a period of time in excess of the sentence originally imposed by the trial judge. We observe that the Board has never contended, nor could it properly do so, that it has authority to impose backtime to be served beyond the termination of the original underlying sentence. We believe, however, that Board regulations can reasonably be interpreted to allow imposition of concurrent backtime periods where, as here, the violations committed warrant the separate backtime assessments. Just as the Board may impose *aggregate* backtimes upon technical and convicted parole violators, *Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984), so, too, may the Board order concurrent backtimes when necessary.

We, accordingly, conclude that the Board did not err when it failed to accelerate Petitioner's reparole eligibility date when it reduced the backtime assessed for Petitioner's technical violations. The Board may properly order concurrent periods of backtime where, as here, each separate period assessed is valid under applicable Board regulations.

Order affirmed.

ORDER IN 682 C.D. 1986

The petition for review in the above-captioned matter is hereby quashed.

ORDER IN 1942 C.D. 1986

The order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.