521 A.2d 103

Anthony Perry, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

122

Submitted on briefs December 9, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Anthony Perry,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, February 19, 1987:

Mr. Perry has filed a Petition for Review in the nature of mandamus which this Court directed to be treated as a Petition for Review addressed to our appellate jurisdiction inasmuch as it challenges orders entered by the Board of Probation and Parole (Board).

It appears that Perry was recommitted on October 7, 1983 for a total of forty-eight months backtime, twelve months of which was for violation of conditions 3A, 3B and 5A and thirty-six months as a convicted parole violator. That order was reaffirmed January 13, 1984.

On March 8, 1986, Perry wrote to the Board asking for reconsideration in light of *Rivenbark v. Pennsylvania*

*Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985). Inasmuch as Perry's conviction was for a drug-related offense, the Board, on May 20, 1986, took action to delete all reference to violation of condition 5A which relates to the parolee's duty to abstain from the possession or sale of controlled substances. The Board, however, did not modify the recommitment time. That order was modified on July 1, 1986 but the modification did not alter the recommitment time. The July 1, 1986 order was mailed July 16, 1986. Perry filed his Petition for Review on August 7, 1986.

Perry's brief contends that there was insufficient evidence adduced at the parole revocation hearing to recommit him for violating conditions 3A and 3B, that the Board entered a vague order which is prohibited by *Pitt v. Pennsylvania Board of Probation and Parole,* 97 Pa. Commonwealth Ct. 116, 508 A.2d 1314 (1986), that the Board failed to adjust the recommitment time after it deleted the violation of 5A and that the Board filed a vague and incomplete record.[1]

The Board counters that the only issue preserved by Perry in his application for administrative review was the implication of *Rivenbark* on his recommitment order and that the Board's recommitment order as finally modified complies with the requirements of *Rivenbark.*

Our problem here is that we do not believe that Perry has ever filed an application for administrative review[2] with respect to the Board's order of July 1, 1986 which is its most recent order in this case.[3] As noted in

---

[1] The "record" before us consists of the Board's recommitment orders and Perry's letter to the Board.

[2] An application for administrative review must be filed and the Board must act on it before we may exercise appellate review. 37 Pa. Code §71.5.

[3] Perry's letter to the Board of March 18, 1986 relates, of course, to the Board's orders of October 7, 1983 and January 13, 1984.

*St. Clair v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commonwealth Ct. 561, 493 A.2d 146 (1985), our practice has been that where the prisoner timely but erroneously files a Petition for Review with this Court where no application for administrative relief has been requested, we will (1) dismiss the appeal without prejudice; (2) permit the prisoner to file an application with the Board within thirty days of our order and (3) direct the Board to receive and act upon such application as though timely filed.[4]

In the instant case, Perry's Petition for Review was filed within thirty days of the date the Board's order was issued. Inasmuch as this Court *sua sponte* converted Perry's Petition for Review from an original action to appellate review, it would be particularly unjust to bar Perry from receiving that review solely because he did not file an application for administrative relief. We remain of the opinion, however, that the Board must first be given the opportunity to address the issues Perry desires to raise.

In summary, we will dismiss this appeal for Petitioner's failure to exhaust available administrative remedies without prejudice to his right to seek administrative relief from the Board.

### ORDER

The within appeal is dismissed without prejudice to the Petitioner's right to file an application for administrative relief with the Board within thirty (30) days of the date of this order. Such application, if filed, shall be treated by the Board as timely filed with respect to the Board's final order dated July 1, 1986 and mailed July 16, 1986.

---

[4] *See* Sections 708 and 5103 of the Judicial Code, 42 Pa. C. S. §§708 and 5103.