521 A.2d 975

Ronald Kramer, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 9, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Ronald Kramer,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, February 27, 1987:

Ronald Kramer appeals from an order of the Pennsylvania Board of Probation and Parole modifying an earlier order which recommitted him to a correctional institution to serve the remainder of his unexpired sentence.

The board released Mr. Kramer on parole from the State Correctional Institution at Graterford on September 19, 1983. According to the board's notice of charges and parole hearing, the Bucks County Court of Common Pleas later convicted Mr. Kramer of robbery, theft, driving under the influence of alcohol, assault, escape and other crimes. The board, on December 21, 1984, ordered that Mr. Kramer be recommitted for the duration of his original unexpired sentence (sixty-nine months and eleven days). The board attributed thirty months of recommitment to technical violations[1] and, with respect to the new convictions, imposed backtime as "UNEXPIRED TERM FOR MULTIPLE OFFENSES."

Consistent with our state Supreme Court's ruling in *Rivenbark v. Pennsylvania Board of Probation and Pa-*

---

[1] The board cited Mr. Kramer with the following technical violations: (1) condition No. 3, failing to report an arrest; (2) condition No. 5b, possession of a weapon; (3) condition No. 5c, assaultive behavior; and (4) special condition No. 6, consumption of alcoholic beverages.

*role,* 509 Pa. 248, 501 A.2d 1110 (1985), the board modified its December, 1984 order to delete two of the technical violations (possession of a weapon and assaultive behavior) because the acts constituting these violations were coterminous with the acts constituting Mr. Kramer's convictions. *See Threats v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 315, 518 A.2d 327 (1986).

Mr. Kramer first contends that his technical violation of special condition No. 6, which prohibits him from consuming alcoholic beverages, should also be purged from the December, 1984 order because that technical violation duplicates his conviction for driving under the influence of alcohol under *Rivenbark.* This court has considered this argument and has rejected it. *Nicastro v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 569, 518 A.2d 1320 (1986); *Keough v. Pennsylvania Board of Probation and Parole,* 95 Pa. Commonwealth Ct. 252, 505 A.2d 378 (1986).

Mr. Kramer next contends that, because the board deleted two of the technical violations from the December, 1984 order, his total backtime should have been reduced by the backtime attributed to those technical violations—twelve months. The board argues that it did eliminate the twelve months attributed to those technical violations, but that his "UNEXPIRED TERM" backtime was independently based upon his conviction violations and therefore still consumes the remainder of his unexpired sentence.

The board's order of December, 1984 states:

> **AS RECORDED ON 122084 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:**
>
> Recommit to a state correctional institution as a technical parole violator and as a convicted pa-

role violator to serve unexpired term—5 years, 9 months, 11 days.

18 months for multiple violations.

—Condition # 3, failing to report arrest. Evidence relied on: Agent's testimony and documentary evidence.

—Condition # 5B, possession of a weapon. Evidence relied on: Agent's testimony. Conviction in a court of record.

—Condition # 5C, assaultive behavior. Evidence relied on: Agent's testimony. Documentary evidence. Conviction in a court of record. The presumptive range for multiple violations is 6 to 18 months.

12 months for violation of special condition # 6, do not consume intoxicating beverages. Evidence relied on: Agent's testimony. Conviction in a court of record. The presumptive range is 3 to 18 months. Reasons: Violations established. Not amenable to supervision.

Unexpired term for multiple offenses. Evidence relied on: convictions in a court of record. Proof of convictions. The predominant presumptive range for the offense of robbery is twenty-four to forty months. Reasons: convictions in a court of record for multiple offenses established.

Mr. Kramer contends that, because the recommitment order does not state precisely how much backtime the board attributed to his conviction violations other than "unexpired term," he is entitled to the most conservative interpretation of the order on that question. Specifically, Mr. Kramer contends that the backtime attributed to his conviction violations in the modified order cannot exceed thirty-nine months and eleven days (his unexpired term less the backtime attributed to his original technical violations) because the original order

does not specifically base unexpired term backtime up-on the conviction violations alone.

We agree that the order is ambiguous in two aspects.

First, neither the order nor the board's regulations clearly indicate whether the backtimes for the technical and conviction violations are to run consecutively or concurrently. Mr. Kramer's argument presumes that the backtimes for his technical violations and conviction violations are to run consecutively. The board contends that the backtimes run concurrently.

Second, Mr. Kramer's argument is predicated on a dual meaning of the phrase "unexpired term" as used in the first and last paragraphs of the quoted order. Speci-fically, he interprets "unexpired term" in the first para-graph to mean the remainder of his unexpired sen-tence—69 months and 11 days; he interprets "unexpired term" in the last paragraph to mean the remainder of his unexpired term after he has served the backtime for his technical violations—39 months and 11 days. We observe that the board's failure to identify explicitly the number or type of conviction violations relied on and the aggregated presumptive range makes either inter-pretation of the second "unexpired term" phrase plausi-ble.

The double ambiguity in the board's order presents at least two possible interpretations from which we must choose: (1) Mr. Kramer was initially recommitted for 30 months for his technical violations and for a con-current recommitment of 69 months and 11 days for his conviction violations; or (2) Mr. Kramer was recommit-ted for 30 months for his technical violations and, in ad-dition, received a consecutive backtime of 39 months and 11 days for his conviction violations, amounting to the unexpired term altogether.

The board argues that the order must be construed according to interpretation (1). In *Robinson v. Pennsyl-*

*vania Board of Probation and Parole,* 103 Pa. Commonwealth Ct. 495, 520 A.2d 1230 (1987), we recognized that the board may impose backtime for technical violations concurrently with backtime for conviction violations if consecutive backtimes would exceed the parolee's unexpired sentence. Hence, we agree that the initial recommitment *could have been* for Mr. Kramer's unexpired term (69 months, 11 days), on the basis that his conviction violations were to run concurrently with the 30-month backtime for his technical violations, considering Mr. Kramer's record of violations, and is *probably* what the board intended.

The difficulty with the board's order, however, is the fact that its language does not definitively preclude the alternative interpretation. This court has repeatedly warned, in *Robinson,* and in *Pitt v. Pennsylvania Board of Probation and Parole,* 97 Pa. Commonwealth Ct. 116, 508 A.2d 1314, 1316 (1986), that the court cannot affirm board orders which fail to identify whether backtimes are to run concurrently or consecutively or which ambiguously state the amount of backtime imposed. (In the present case, had the board issued its order after the *Pitt* decision, this court would have to reject, with finality, the board's exegesis of its own vague order.)

We therefore vacate the order appealed and remand this case to the board to clarify the terms of its original recommitment order.

ORDER

Now, February 27, 1987, the order of the Pennsylvania Board of Probation and Parole recorded on April 4, 1986, modifying the recommitment of Ronald Kramer, Parole No. 9747M, is vacated and the case remanded for the board to clarify the terms of Mr. Kramer's recommitment.

Jurisdiction relinquished.