579 A.2d 1335

Jerome MURGERSON, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 19, 1990.

Decided April 30, 1990.

Designated as Opinion to be Reported Sept. 17, 1990.

John C. Armstrong, Office of the Public Defender of Montgomery County, for petitioner.

Robert Greevy, Chief Counsel, with him, Timothy P. Wile, Asst. Chief Counsel, for respondent.

Before CRAIG and DOYLE, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Jerome Murgerson petitions this Court for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied his requests for administrative relief from a parole revocation decision.

Murgerson was paroled by the Board on September 29, 1987 from a sentence of one to twenty years imposed by the

Philadelphia Common Pleas Court as a result of his convictions for burglary, larceny, and receiving stolen goods. While at liberty on parole, Murgerson was arrested in Montgomery County and charged with multiple counts of forgery, theft and passing bad checks, but was released after posting bail. He failed to appear at the appointed time of his preliminary hearing and a bench warrant was issued which resulted in his re-arrest on May 4, 1988. Murgerson was unable to post the increased bail and was confined in the Montgomery County Prison. The Board lodged its warrant and detainer against him on May 20, 1988. Thereafter, on June 23, 1988, Murgerson was arrested and charged by Delaware County authorities with criminal conspiracy, receiving stolen property, forgery, and passing bad checks. In the interim, on May 25, 1989, he had requested that his parole violation and revocation hearings be continued until further written notice from him pending the disposition of the outstanding criminal charges.

Murgerson pled guilty in Montgomery County on October 7, 1988 to two counts of forgery and was sentenced to concurrent sentences of two to five years. He pled guilty in Delaware County on October 17, 1989 to one count of forgery and was sentenced to two to five years to run concurrently with the Montgomery County sentences.

A parole violation/revocation hearing was held on January 26, 1989 at the State Correctional Institution at Graterford. Murgerson was charged as a convicted parole violator (CPV) due to the Montgomery and Delaware County convictions, and as a technical parole violator (TPV) due to his alleged violation of general parole condition 3B (failure to contact parole supervision staff within seventy-two hours of arrest). On February 27, 1989, the Board recorded an order[1] which stated in pertinent part:

1. The February 27, 1989 recording date refers to the date on which the Board decided Murgerson's case and apparently put this information into its computer. The written order communicating that decision to him was dictated on March 14, 1989, dated March 15, 1989, and mailed to Murgerson on March 24, 1989.

THE BOARD OF PROBATION AND PAROLE REN-
DERED THE FOLLOWING DECISION IN YOUR
CASE:

> Recommit to a state correctional institution as a techni-
> cal and convicted parole violator to serve *a total of 24
> months on backtime.*
>
> 6 months for violation of condition # 3B, failure to
> notify staff of arrest of 4–8–88 and 5–4–88.
>
> 24 months for the offenses of 3 cts. of forgery.
> Violation time of 30 months to be served on: F9549 and
> recommit when available on: Y8157. Reparole 8–27–91
> to Board detainer only.
>
> . . . .
>
> Parole violation max date: 022799 (Emphasis added.)

Murgerson filed a request for administrative relief with
the Board on April 7, 1989. However, on April 17, 1989,
before it took any action on his request, the Board mailed
Murgerson a "corrected order" which was identical in all
respects to the March 24, 1989 order quoted *supra* except
for the first paragraph which read in pertinent part:

> Recommit to a state correctional institution as a technical
> and convicted parole violator to serve *a total of 30
> months on backtime.* (Emphasis added.)

In response, Murgerson filed another request for adminis-
trative relief dated April 26, 1989. By letter dated June 1,
1989 and mailed June 13, 1989 the Board denied both the
April 7 and April 26 requests for relief.

 The only issue [2] presented for our review is whether
the two orders recommitting Murgerson for twenty-four

**2.** Murgerson also contends that a special condition imposed by the
Board on his tentative reparole, *i.e.,* that he participate in out-patient
therapy and that he submit to urinalysis, was an abuse of discretion
by the Board because he has no history of drug abuse. However, in
his brief to this Court Murgerson's counsel has stated that he will not
pursue this issue because he believes it to be frivolous in light of this
Court's decision in *Reider v. Pennsylvania Board of Probation and
Parole,* 100 Pa.Commonwealth Ct. 333, 514 A.2d 967 (1986).

We agree. In *Reider,* we held that the denial of parole by the Board
was wholly a matter of the Board's discretion and not subject to
review by this Court. Therefore, because the imposition of special

and thirty months respectively were vague and inaccurately calculated to such an extent that they must be construed against the Board. Murgerson claims that the first order mailed March 24, 1989 was vague and should be construed against the Board by assessing a total backtime of twenty-four months for both the TPV backtime and the CPV backtime, *i.e.*, that the six months backtime for the technical violation and the twenty-four months backtime for the convictions should be served *concurrently* rather than consecutively. He cites this Court's decision in *Pitt v. Pennsylvania Board of Probation and Parole*, 97 Pa.Commonwealth Ct. 116, 508 A.2d 1314 (1986), as support.

In *Pitt*, we did hold that Board orders which are unclear or vague are to be construed against the Board. However, from our review of the *entire* contents of the first parole revocation decision mailed March 24, 1989, we believe it is abundantly clear that the Board ordered the six months TPV backtime to be served *consecutively* to the twenty-four months CPV backtime. Support for this conclusion is provided by the Board's reference in that order to a total backtime of thirty months coupled with the computation of the reparole date to August 27, 1991, which would be thirty months from the February 27, 1989 recording of the revocation decision. The Board argues that the reference to "a total of 24 months on backtime" in this order was merely a clerical error and we agree. The Board corrected that error in the second order, identical in all respects with its first order, except that it states "a total of 30 months on backtime," which is obviously the sum of 24 months plus 6 months.

Accordingly, having found Murgerson's arguments to be unpersuasive, the order of the Board denying administrative relief is affirmed.

parole conditions are a part of the parole decision, consistent with the rationale in *Reider* we hold that the imposition of such conditions is not subject to judicial review absent an allegation that the condition violates a prisoner's constitutional rights.

## ORDER

NOW, April 30, 1990, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.