# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harry T. Murray,  :
               Petitioner  :
                                :
        v.  :  No. 2380 C.D. 2014
                                :  Submitted: July 2, 2015
Pennsylvania Board of Probation  :
and Parole,  :
               Respondent  :


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: August 25, 2015**

Harry T. Murray (Murray) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that recommitted him to serve his unexpired term of one month and two days as a technical parole violator and 18 months backtime as a convicted parole violator. Also before us is a petition to withdraw as counsel filed by Murray's court-appointed attorney, Tina M. Fryling, Esquire (Attorney Fryling) on the ground that Murray's appeal is without merit. For the reasons that follow, we deny Attorney Fryling's petition to withdraw her appearance as counsel.

In 2008, Murray pled guilty to terroristic threats with the intent to terrorize another, and he was sentenced to a term of one to five years in prison. Certified Record (C.R.) at 1. Murray's original minimum sentence date was May 19, 2009, and his maximum sentence date was May 19, 2013. Id.

In February 2011, the Board released Murray on parole, with conditions. Id. at 10-16. On April 17, 2013, the Board declared Murray delinquent and issued a warrant to commit and detain him for technical parole violations for the unlawful possession or sale of narcotics without a valid prescription, and consumption or possession of alcoholic beverages. Id. at 21, 32, 33. On that same date, the police filed a criminal complaint against Murray for possession with intent to deliver cocaine, marijuana, and drug paraphernalia. Id. at 33.

In May 2013, the Board determined Murray violated two conditions of his parole by using drugs and possessing alcohol based on Murray's admissions. Id. at 20, 42. The Board recommitted Murray as a technical parole violator to a state correctional institution to serve his unexpired term of one month and two days, pending resolution of his outstanding criminal charges. Id. at 42.

In April 2014, Murray pled guilty to one count of manufacture, delivery or possession with intent to manufacture or deliver. Id. at 47-48. The other counts were *nolle prossed*. Id. In June 2014, a court of common pleas sentenced Murray to 20 to 40 months, to run consecutive to his prior sentence.

Based on his new conviction, the Board recommitted Murray as a convicted parole violator to serve 18 months of concurrent backtime. Id. at 94. The Board calculated Murray's new maximum sentence date as August 13, 2016. Id. at 92.

Murray, representing himself, filed a "request for administrative review," asserting the Board abused its discretion by: violating his due process rights; denying him credit for time at liberty on parole; extending his maximum sentence date to August 13, 2016; and, recommitting him as a technical and a convicted parole violator where the two violations arose from the same act. Id. at 96-97. The Board denied Murray's petition for administrative relief. Id. at 101.

Murray filed a petition for review with this Court, asserting the same grounds for relief. Attorney Fryling filed a petition to withdraw as counsel along with a "no-merit" letter based on her belief that Murray's appeal is without merit. This case is now before us for disposition.

Counsel seeking to withdraw must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988);

---

[1] In Hughes v. Pennsylvania Board of Probation and Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc), we held, where there is a constitutional right to counsel, counsel seeking to withdraw from representation of a parolee in an appeal of a Board determination should file a brief in accordance with Anders v. California, 386 U.S. 738 (1967), rather than a no-merit letter. Relying on Gagnon v. Scarpelli, 411 U.S. 778 (1973), we held a constitutional right to counsel arises where a parolee raises a "colorable claim":

> (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

**(Footnote continued on next page…)**

Hughes v. Pa. Bd. of Prob. & Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc); Zerby v. Shanon, 964 A.2d 956 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" Zerby, 964 A.2d at 962 (quoting Jefferson v. Pa. Bd. of Prob. & Parole, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, counsel must send the petitioner: (1) a copy of the no-merit letter; (2) a copy of the petition for leave to withdraw; and, (3) a statement that advises the petitioner of the right to retain substitute counsel or proceed *pro se* by representing himself. Turner; Hughes. If counsel satisfies these technical

---

**(continued…)**

Hughes, 977 A.2d at 24 (quoting Gagnon, 411 U.S. at 790). We further stated such claims would only arise in appeals from determinations revoking parole. Id. Thus, we held "[i]n an appeal from a revocation decision, this Court will apply the test from Gagnon, quoted above, and, unless that test is met, we will only *require* a no-merit letter." Id. at 26 (emphasis in original, footnote omitted). We also noted:

> As in the past, we will not deny an application to withdraw simply because an attorney has filed an Anders brief where a no-merit letter would suffice. In cases where there is no constitutional right to counsel, however, we shall still apply the standard of whether the [parolee's] claims are without merit, rather than whether they are frivolous.

Id. at 26 n.4.

The record here contains no suggestion by Murray that he did not commit the alleged violations or that substantial reasons justified or mitigated the violations and make revocation inappropriate. Indeed, Murray "knowingly, intelligently, and voluntarily" admitted he violated two conditions of his parole and was convicted of possession with intent to deliver. C.R. at 47, 68. Further, the issues Murray raised in this appeal are neither complex nor difficult to develop. Thus, Murray does not have a constitutional right to counsel under the Gagnon test; rather, he has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, as amended, 16 P.S. §9960.6(a)(10). Attorney Fryling, therefore, properly filed a no-merit letter in seeking to withdraw her representation of Murray.

requirements, this Court must then conduct an independent review of the merits of the case. Turner; Hughes. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw and the petitioner will be denied relief. Turner; Hughes.

Here, Attorney Fryling's no-merit letter does not satisfy the technical requirements of Turner. Although the letter sets forth the procedural history of the case and her review of the record, Attorney Fryling does not address all the issues Murray raised in the petition for review. Specifically, Attorney Fryling identifies the issue as:

> Whether the Board erred in giving [Murray] an eighteen month backtime hit for a technical parole violation and by failing to credit him for all time served on his parole violation detainer.

Counsel's Turner Ltr., 4/19/25, at 1. She addressed whether the Board violated Murray's due process rights or erred in its recalculation of his maximum sentence date based on his recommitment as a convicted parole violator. However, she did not address whether the Board erred by recommitting Murray as a technical parole violator based on the same act constituting a new crime of which he was convicted.

In his uncounseled petition for review, Murray asserted "[t]he Board lacked the authority to recommit [him] as a Technical Parole Violator, and a Convicted Parole Violator based on the same conduct that formed the new conviction, or criminal offenses." Pet. for Review, 1/6/15, at ¶8; see id. at ¶12. He asserts double jeopardy protection against multiple punishments for the same offense. Id. at ¶13. Murray preserved this issue in his request for administrative

5

review filed with the Board, wherein he argued "the Board may <u>not</u> recommit for technical violations where these-said [sic] violations are based upon acts which constitute new crimes upon which parolee had been convicted ...." C.R. at 96 (emphasis in original). In support of his position, Murray cited <u>Rivenbark v. Pennsylvania Board of Probation and Parole,</u> 501 A.2d 1110 (Pa. 1985) and <u>Robinson v. Board of Probation and Parole</u>, 503 A.2d 1048 (Pa. Cmwlth. 1985). C.R. at 96; Pet. for Review at ¶8.

Attorney Fryling does not identify this issue or provide any explanation as to why this issue lacks merit. On this basis, we must deny Attorney Fryling's request for leave to withdraw as counsel. The Court will not undertake an independent examination of the merits of Murray's appeal until it is satisfied that counsel has fully discharged her obligations under <u>Turner</u>.

<div style="text-align: right; margin-right: 30%;">

_____  
ROBERT SIMPSON, Judge

</div>

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Harry T. Murray,                  :
                    Petitioner    :
                                  :
          v.                      :    No. 2380 C.D. 2014
                                  :
Pennsylvania Board of Probation   :
and Parole,                       :
                    Respondent    :

# **O R D E R**

**AND NOW**, this 25th day of August, 2015, Tina M. Fryling's petition to withdraw as counsel is **DENIED**, without prejudice. Counsel is **DIRECTED** to refile her petition to withdraw or file a brief in support of Harry T. Murry's petition for review within thirty (30) days of this order.

_____
ROBERT SIMPSON, Judge