501 A.2d 1114

**Alfred MASSEY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 24, 1985.

Decided Dec. 10, 1985.

David M. McGlaughlin, Philadelphia, for appellant.

Robert A. Greevy, Harrisburg, for Pa. Bd. of Probation & Parole.

Arthur R. Thomas, Harrisburg, Robert B. Lawler, Asst. Dist. Atty., Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

We granted allocatur in this case in conjunction with *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), since the instant case involves the same issue as was presented in *Rivenbark*. That issue is whether the Pennsylvania Board of Probation and Parole (Board) may order a parolee to serve a period of recommitment as a technical parole violator for an act violative of the technical terms and conditions of his parole, which also constitutes a new crime of which he has been convicted.

■ In *Rivenbark*, we held that although double jeopardy protections do not preclude separate periods of recommitment as both a technical parole violator and a convicted parole violator based upon the same conduct, the statutory section authorizing recommitment of technical violators, 61 P.S. § 331.21a(b),[1] unambiguously expressed the legislative

---

1. Subsection (b) of Section 21.1 of the Act of August 6, 1941, P.L. 861, § 21.1, added August 24, 1951, P.L. 1401, § 5, *as amended,* June 28, 1957, P.L. 429, § 1, states in pertinent part:

    (b) Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, *other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record,* may be recommitted after a hearing before the board.

    61 P.S. § 331.21a(b) (emphasis added).

intent that the Board not recommit a parolee as a technical violator based upon an act constituting a new crime of which he has been convicted. Having expressed in *Rivenbark* our reasons for so deciding the issue, we avoid duplication of that discussion and simply analyze the applicability of our holding in *Rivenbark* to the facts of this case.

Appellant was sentenced to a term of imprisonment of one to seven and one-half years on June 3, 1976, for the crime of rape. He was paroled on May 8, 1977, at the expiration of his minimum sentence. On May 26, 1982, appellant was convicted in the Court of Common Pleas of Philadelphia of rape[2] and attempted involuntary deviate sexual intercourse.[3] The next day, after another trial involving a separate incident, appellant was convicted of simple assault,[4] theft by unlawful taking or disposition[5] and robbery.[6] He was sentenced for these crimes on April 26, 1983.

Following a parole revocation hearing held on March 19, 1984, the Board recommitted appellant as a convicted parole violator for the entire unexpired six and one-half year term of his 1976 rape conviction. Simultaneously, the Board recommitted appellant as a technical parole violator for a term of eighteen months for violation of term and condition 5(c) of his parole[7]—failure to refrain from assaultive behavior. This recommitment as a technical violator was founded upon two separate breaches of term and condition 5(c). The first was his assault of a store manager after having been

2. 18 Pa.C.S. § 3121.

3. 18 Pa.C.S. § 3123.

4. 18 Pa.C.S. § 2701.

5. 18 Pa.C.S. § 3921.

6. 18 Pa.C.S. § 3701.

7. Although not explicitly stated, we assume the period of recommitment as a technical violator was to run concurrent with the period of recommitment for the conviction violation since any other interpretation would lead to the impermissible result of the appellant remaining incarcerated for a period of time in excess of the sentence originally imposed by the trial judge.

caught by the manager and a security guard trying to steal goods from the store. This assault led to his conviction for simple assault and supplied a necessary element to his robbery conviction. The second breach of term and condition 5(c) was appellant's assaultive conduct in committing the rape for which he was convicted in May of 1982.

Thus, the record clearly indicates that appellant was recommitted as a technical violator for acts constituting new crimes for which he was convicted. As we held in *Rivenbark*, such recommitment is beyond the authority which the General Assembly has granted the Board. *Id.*, 509 Pa. at 255, 501 A.2d at 1114.

■ We reverse that part of the order of the Commonwealth Court affirming the Board's recommitment of appellant as a technical violator,[8] and vacate that part of the Board's order imposing a period of recommitment as a technical violator.

---

**8.** We affirm the Commonwealth Court's resolution of appellant's challenge to the length of his period of recommitment as a convicted violator. Appellant asserts that the Board violated its own regulations by recommitting him as a convicted parole violator for a period allegedly thirty-eight months in excess of the maximum of the presumptive range for his violation, despite the presence of mitigating factors and without sufficient written justification for going beyond the guidelines. *See* 37 Pa.Code 75.1. Appellant was recommitted as a convicted violator for a period of seventy-eight months. He contends that the maximum period of recommitment within the presumptive range is forty months. This contention is incorrect. Convictions for rape, attempted involuntary deviate sexual intercourse and robbery each have a maximum presumptive range of at least forth months. *See* 37 Pa.Code § 75.2. Each one of these convictions may be considered as a separate parole violation by the Board and the presumptive ranges of each may be aggregated. *Corley v. Pennsylvania Board of Probation and Parole*, 83 Pa.Cmwlth. 529, 478 A.2d 146 (1984). Thus, the seventh-eight month period of recommitment was within the presumptive range.