505 A.2d 378

George James Keough, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 9, 1986, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Jeffery M. Cook*, First Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

Opinion by Judge Rogers, February 24, 1986:

George James Keough has filed a petition for review from the denial by the Pennsylvania Board of Probation and Parole (Board) of administrative relief from a Board order made May 14, 1985 that he be recommitted as a technical and convicted parole violator to serve the unexpired term of his original sentence of from two to five years, which we compute based on the record, to be two years, three months and twenty days.

The petitioner had been paroled from his original sentence May 10, 1984. He was released to a particular inpatient alcohol treatment institution. A special condition of his parole was that he not consume alcohol. On May 16, 1984, the petitioner was seen driving in an erratic fashion, stopped by a State trooper and arrested for driving under the influence of alcohol (DUI). The trooper found in the car driven by the petitioner a bag bearing the name Penn Supreme containing $1,800 which had been taken by a person who robbed a Penn Supreme store during the early morning hours of May 16, 1984. The petitioner was convicted of DUI and robbery in the Dauphin County Court of Common Pleas on November 13, 1984.

At the petitioner's full board hearing conducted by the Board on May 8, 1985, a parole agent testified that the petitioner told him on May 17, 1984, the day after his arrest, that he, the petitioner, had drunk half of a fifth of whiskey the day before. The trooper testified to the petitioner's arrest, the charges lodged and the conviction.

The petitioner testified that on May 10, 1984 upon his release on parole he went to the institution where he was to be an inpatient and a lady told him to come back the next day; that on the next day, the 11th of May, he returned to the institution and talked with a

Mr. Blauser; that in the course of the conversation he told Mr. Blauser that he, Keough, was a homosexual; and that Mr. Blauser then put him on outpatient instead of inpatient care. The petitioner also testified that on May 15, 1984 he went to a bar in Harrisburg which he "closed" at 2:00 o'clock A.M. and testified that he remembered being in the Penn Supreme store only vaguely.

The petitioner testified that on May 15, 1984, he was interviewed by another parole agent named Statkus who knew he had not been accepted as an inpatient by the institution and who told him outpatient treatment would be all right. This testimony is contrary to a report made by Statkus and received in evidence that on May 15, 1984 no definitive decision had been made by the institution concerning the petitioner's admission prior to his arrest on the new charges.

The petitioner, who has been represented by counsel throughout, does not contend that the order of the Board that he serve the unexpired term of his original sentence is unlawful. Nor could he. The unexpired term of two years, three months and twenty days is considerably shorter than the high side of the presumptive range for robbery of forty months. Rather, the petitioner contends that the Board should have imposed a lighter term of recommitment because of its agent, Statkus's failure to arrange other inpatient accommodations for him after he was denied that status by the institution to whom the Board directed him. In short, the petitioner contends that the Board committed an abuse of discretion by failing in fixing the period of his recommitment, to consider and mitigate the severity of its action, on account of its agents' failure to make certain that he, the petitioner, was placed in inpatient care. The effectiveness of this contention depends on the acceptance of the petitioner's

testimony that he had been finally rejected for inpatient treatment. The Board had the choice, which it seems to have made, of believing the statement of parole agent Statkus who reported that no definitive decision as to the petitioner's admission had been made by the facility to which the petitioner had been directed. Also, the Board described its recommittal action as having been based upon the petitioner's early failure on parole—the commission of robbery within six days from his release.

By a supplemental brief, the petitioner seeks such benefit as may accrue to him from the decision of the Supreme Court in *Rivenbark v. Commonwealth, Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985) holding that a parolee may not be recommitted for the technical violation of a condition of his parole based upon the act which constituted a new crime of which he was convicted. The petitioner's technical violation was the consumption of alcohol; his new crime was that of operating a vehicle while under the influence of alcohol, a different act.

Order affirmed.

### ORDER

AND Now, this 24th day of February, 1986, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.