518 A.2d 1320

William Nicastro, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

William M. Nicastro, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 30, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Nino V. Tinari,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, December 24, 1986:

Acknowledging that this court's recent decision in *Keough v. Pennsylvania Board of Probation and Parole,* 95 Pa. Commonwealth Ct. 252, 505 A.2d 378 (1986), is squarely on point against him, petitioner William M. Nicastro here requests that we overturn that ruling and conclude that a parolee who is ordered to serve back-time based upon the conviction of driving while under the influence of alcohol (DUI) may not receive additional backtime for the technical parole violation of consuming alcohol.

In *Keough,* we decided that a parolee's technical violation of consuming alcohol and his DUI conviction involved separate acts. Therefore, an order of backtime for both violations did not contravene section 21.1a(b) of the Board of Parole Act.[1] Nicastro contends that *Keough*

---

[1] Act of August 6, 1941, P.L. 861, *as amended,* added by Act of August 24, 1951, P.L. 1401, *as amended,* P.L. 429, 61 P.S. §331.21a.

Subsection 21.1a(b) reads in pertinent part:

(b) Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, *other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record,* may be recommitted after hearing before the

is no longer dispositive, arguing that *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), and its companion case, *Massey v. Pennsylvania Board of Probation and Parole,* 509 Pa. 256, 501 A.2d 1114 (1985), contain language which would control the present facts.

While on parole from a 1973 rape conviction, Nicastro was charged with driving under the influence, simple assault, aggravated assault, and recklessly endangering another person, after an automobile accident on November 4, 1984. On June 28, 1985, in the Court of Common Pleas of Philadelphia County, Nicastro received convictions on all charges except aggravated assault. He received a sentence of forty-eight hours imprisonment, two years probation and an order to pay $3,000 restitution.

However, on October 5, 1985, during Nicastro's incarceration for an unrelated offense, the board issued a detainer warrant against him for alleged parole violations related to his DUI conviction. After several continuances at Nicastro's request, the board conducted a violation and revocation hearing on December 3, 1985. The board then issued a timely order recommitting Nicastro for eighteen months as a convicted parole violator, and for an additional nine months based upon his violation of the special condition of his parole that he not consume alcohol.

Nicastro appeals from the Pennsylvania Board of Probation and Parole's denial of administrative relief, contending that his recommittal as both a technical and convicted violator amounts to multiple punishment for

---

board. If he is so recommitted, he shall be given credit for the time served on parole in good standing but with no credit for delinquent time, and may be reentered to serve the remainder of his original sentence or sentences.

61 P.S. §331.21a(b) (emphasis added).

the same offense and is violative of both section 21.1 of the Pennsylvania Board of Parole Act and the Double Jeopardy Clause of the United States Constitution.

We affirm.

*Rivenbark,* upon which Nicastro relies, involved a parolee who violated the special parole condition that he refrain from possessing a firearm. His conviction of a federal firearms violation constituted the grounds for his recommittal as a convicted parole violator. However, the *Rivenbark* court concluded that he could not be recommitted as a technical violator since the technical violation—carrying firearms—involved the *same act* as the crime for which he was convicted. Despite the petitioner's contention here, the present facts, like *Keough,* are distinguishable because there are differences between the criminal offense and the technical violation.

We read the *Rivenbark* standard, that "a parolee may not be recommitted as a technical violator based upon *an act constituting* a new crime of which he is convicted," 509 Pa. at 255, 501 A.2d at 1114 (emphasis added), to require that the act involved with the technical violation be coterminous with the new conviction, in order to bar backtime for both.

In a recent decision, *Threats v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 315, 518 A.2d 327 (1986), this court addressed the issue of exactly when a *Rivenbark* duplication occurs. We concluded that the forbidden duplication occurs when the technical violation is accomplished "by the commission" of the crime. In the present case, Nicastro's consumption of alcohol occurred before the commission of his DUI crime.

Nicastro argues that *Massey* necessarily expanded the holding of *Rivenbark,* by suggesting that the court in *Massey* held that, if the act constituting the technical

violation was a "necessary element" of the new conviction, the backtime could only be based upon the conviction.

However, in *Threats,* we read the use of *Massey's* "necessary element" language to require that the technical violation must be a simultaneous part of the crime, in order to constitute a *Rivenbark* duplication. In *Threats,* we specifically applied that rationale to the facts of *Keough,* and concluded that the consumption of alcohol and the operation of a vehicle while under the influence of alcohol constituted separate acts, in that the parolee did not perform them simultaneously. Accordingly, because the present facts are identical, that rationale also applies to this appeal.

Therefore, we find that our holding in *Keough* is still good law which is controlling in the present appeal.

Nicastro also raises a procedural deficiency which he asserts taints his recommittal. Citing 37 Pa. Code §71.2(11), which requires that the board conduct a violation hearing within 120 days of the preliminary hearing, Nicastro argues that the "preliminary hearing" in this subsection refers to his criminal preliminary hearing on the DUI charge. He hence contends that his December 3, 1985 violation and revocation hearing violated 37 Pa. Code §71.2(11), because the board did not hold it within 120 days of his December 14, 1984 criminal preliminary hearing.

Such an argument clearly fails. A reading of 37 Pa. Code §71.2, which sets forth the procedure to be followed for violations of parole conditions, makes clear that all references to a "preliminary hearing" within the section are taken in the context of hearings for parole violations. For example, 37 Pa. Code §71.2(4) specifically mandates that the "preliminary hearing" be held before a representative of the board.

574

We find no procedural defect in the matter before us. The board properly scheduled the hearing within fifteen days after it issued the detainer warrant on October 5, 1985, as required by 37 Pa. Code §71.2(3). The board ultimately held a hearing on December 3, 1985, after two continuances requested by Nicastro and his attorney. The board is not responsible for any delay of a timely scheduled hearing which is continued at the request of the parolee. *Corbin v. Pennsylvania Board of Probation and Parole,* 42 Pa. Commonwealth Ct. 50, 53, 399 A.2d 1202, 1203 (1979).

Therefore, we affirm.

ORDER

NOW, December 24, 1986, the decision of the Pennsylvania Board of Probation and Parole, dated March 13, 1986, denying administrative relief, is affirmed.