519 A.2d 1103

Michael Weimer, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 14, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*W. Hamlin Neely*, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, January 14, 1987:

This is a parole revocation appeal wherein Michael Weimer, parolee, appeals here an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from a Board parole revocation order. That revocation order recommitted him to prison as a convicted and a technical parole violator to serve thirty-six months on backtime. We reverse and remand.

Weimer was granted parole by the Board effective June 30, 1982 on a sentence of five to twelve years imposed by the Court of Common Pleas of Northampton County as a result of his conviction for Robbery[1] and Criminal Conspiracy.[2] On September 3, 1984, Weimer approached one William Cox, who was installing a stereo in his vehicle, grabbed him, told him he was going to cut out his heart, and stabbed him in the upper right chest with what Cox described as a hunting knife. Weimer was subsequently arrested by Bethlehem Police and charged with Aggravated Assault[3] and Recklessly Endangering Another Person.[4] He eventually entered a negotiated plea of guilty to Aggravated Assault in Lehigh County Common Pleas Court and was subsequently sentenced to two to four years imprisonment.

On July 9, 1985, Weimer appeared before a Board hearing examiner at the Lehigh County Prison for a parole Violation/Revocation Hearing. The Board charged he violated 37 Pa. Code §63.4(5)(ii), requiring parolees to refrain from owning or possessing any firearms or other weapons, 37 Pa. Code §63.4(5)(iii), requiring parolees to refrain from assaultive behavior, as well as committing a crime for which he was convicted within the meaning of Section 21.1(a) of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. §331.21a(a). After the hearing, the Board, by order dated July 29, 1985, revoked his parole and recommitted him to prison as a convicted parole violator to serve twenty-four months on backtime and as a technical parole violator to serve twelve months on backtime, for a

---

[1] Section 3701 of the Crimes Code, 18 Pa. C. S. §3701.
[2] Section 903 of the Crimes Code, 18 Pa. C. S. §903.
[3] Section 2702 of the Crimes Code, 18 Pa. C. S. §2702.
[4] Section 2705 of the Crimes Code, 18 Pa. C. S. §2705.

total of thirty-six months on backtime, when available. The Board amended that order on January 21, 1986, after Weimer was sentenced on the new Lehigh County conviction, to calculate a tentative reparole date and extended the maximum term of his original sentence to October 28, 1992. He filed an administrative appeal which the Board partially granted by deleting the finding he violated 37 Pa. Code §63.4(5)(iii), pertaining to assaultive behavior, but denied his appeal pertaining to the finding he violated 37 Pa. Code §63.4(5)(ii), pertaining to possession of a weapon. The Board did not alter the twelve months backtime imposed for the technical parole violations. He subsequently filed a timely petition for review with this Court.

In this appeal, Weimer contends the Board erred as a matter of law when it recommitted him as a technical parole violator for possessing a weapon, to-wit the knife, when that same conduct constituted an element of the offense, Aggravated Assault, for which he was subsequently convicted. He argues under the Pennsylvania Supreme Court's interpretation of Section 21.1(b) of the Parole Act, 61 P.S. §331.21a(b), set forth in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), the Board is without power to recommit him as a technical violator for conduct which also formed an element of a crime of which he was convicted. We agree.

Weimer was convicted, pursuant to his guilty plea, of the offense of Aggravated Assault. The pertinent provisions of Section 2702(a) of the Crimes Code, 18 Pa. C. S. §2702(a), define the offense of Aggravated Assault as follows:

> *(a) Offense defined.*—a person is guilty of aggravated assault if he:
>
> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally,

knowingly or recklessly under circumstances manifesting extreme indifference to human life;

. . . .

    (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon; or

. . . .

The record indicates Weimer pleaded guilty to one count of Aggravated Assault, graded as a felony of the third degree, on April 8, 1985. Under Section 2702(b) of the Crimes Code, 18 Pa. C. S. §2702(b), only a conviction under subsections (a)(1), (a)(2) and (a)(5) may be graded as felonies. Accordingly, Weimer's conduct must have fallen under subsection (a)(1), involving serious bodily injury to another, for his conviction to be graded as a felony.

    The Board argues since a deadly weapon is not a necessary element to a conviction of Aggravated Assault under 18 Pa. C. S. §2702(a)(1), it may properly recommit Weimer as a technical parole violator for possession of the alleged hunting knife without violating *Rivenbark*. While we agree with the Board that use of a deadly weapon is not required to constitute an aggravated assault under 18 Pa. C. S. §2702(a)(1), *see e.g. Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978) (striking victim in the face with a fist sufficient intent to cause serious bodily injury to sustain conviction for aggravated assault); *Commonwealth v. Russell*, 313 Pa. Superior Ct. 534, 460 A.2d 316 (1983) (act of choking victim sufficient to constitute aggravated assault), the use of a deadly weapon to cause, or attempt to cause, serious bodily injury to another can also constitute aggravated assault under Section 2702(a)(1). *See e.g. Commonwealth v. Boettcher*, 313 Pa. Superior Ct. 194, 459 A.2d 806 (1983) (use of gun to strike victim on head coupled with defendant firing several shots in

the air sufficient proof of intent to cause serious bodily injury to sustain conviction for aggravated assault); *Commonwealth v. Chance,* 312 Pa. Superior Ct. 435, 458 A.2d 1371 (1983) (victim's injury to her hand occurring while shielding her head from blow from defendant's gun sufficient proof of intent to cause serious bodily injury to sustain conviction for aggravated assault). Thus, when a deadly weapon is used to commit, or attempt to commit, serious bodily injury to another, it becomes a necessary element of the offense of Aggravated Assault as defined by 18 Pa. C. S. §2702(a)(1). Such is the case at bar.

The evidence presented by the parole agent to support Weimer's alleged violation of 37 Pa. Code §63.4(5)(ii), possession of a weapon, consisted of the following:

MR. KOLAR (Parole Agent): The violations specified were Special Condition 5 (b); you shall refrain from owning or possessing any firearms or other weapons. Supporting evidence for that violation was or is stated from the victim, the victim is present. The victim, Mr. William Cox allegedly threatened and stabbed with a knife on 9/3/84 by the client [Weimer]. Mr. Cox, can you give a brief statement as to what happened on that date?

HEARING EXAMINER BIGLEY: Just tell us in your own words exactly what happened and summarize it for us and try and stick to the point.

MR. COX: I put a tape deck in my car, Mike came up to me.

HEARING EXAMINER BIGLEY: This was on September 3rd, '84?

MR. COX: It was Labor Day or something like that. That's really about it. Then the next

thing I knew he was coming after me trying to scare me to keep away from his girlfriend, I guess. The next thing I knew I was bleeding. It happened so fast.

HEARING EXAMINER BIGLEY: Well, did you have a discussion or some kind of argument or something, or did something precipitate this?

MR. COX: Not really, he just told me he was going to cut my f--king heart out. That was it.

HEARING EXAMINER BIGLEY: Okay, threatened you over some girl?

MR. COX: Yes.

HEARING EXAMINER BIGLEY: Whose girlfriend was it, his or yours?

MR. COX: I guess it was his at the time. [K]now—I didn't know what the hell was going on. That was it, got out of the car, went in the house.

MR. KOLAR: Did Mr. Weimer have a weapon in his possession at the time?

MR. COX: When, afterwards?

MR. KOLAR: During the time he was threatening you. Did he have anything in his possession?

MR. COX: Yes, he had a knife in his hand.

MR. KOLAR: Describe the knife?

MR. COX: It was like—a hunting knife, I guess.

MR. KOLAR: What kind?

MR. COX: A hunting knife.

MR. KOLAR: Approximately how big was it?

MR. COX: It wasn't a folded knife, it was a regular pull out sheath knife.

MR. KOLAR: That's all the evidence that we have for Violation of Condition 5(b). . . .

N.T. (7/9/85) 2-4; R.R. 14-16. It is clear from the hearing transcript the only evidence the parole agent

presented pertaining to Weimer's possession of a weapon is in connection with the assault on William Cox, of which he was subsequently convicted. His possession of the knife is an integral part of the commission of that assault and an element of his conviction. Accordingly, the Board may not base a technical parole violation upon his possession of a weapon during the assault on Cox. *Rivenbark*.

In its Notice of Charges and Hearing, Board form PBPP-340, dated June 26, 1985, the Board also asserts two witnesses other than Cox, namely one Gregg Sigley and one Denise Hertzog, had observed Weimer with a knife prior to his assault upon Cox. Those observations, being separable from the assault upon Cox, could have formed the basis of a technical parole violation for possessing a weapon had either Sigley or Hertzog testified to that effect at the July 9, 1985 parole Violation/Revocation Hearing. *See Threats v. Pennsylvania Board of Probation and Parole*, 102 Pa. Commonwealth Ct. 315, 518 A.2d 327 (1986); *Keough v. Pennsylvania Board of Probation and Parole*, 95 Pa. Commonwealth Ct. 252, 505 A.2d 378 (1986). However, the parole agent called neither Sigley nor Hertzog to testify and relied solely upon Cox's testimony to establish Weimer's violation of 37 Pa. Code §63.4(5)(ii). Since Cox testified only about the use of the knife in the assault, *Rivenbark* precludes the Board from basing a violation of 37 Pa. Code §63.4(5)(ii) on that same conduct.

The Board's finding that Weimer violated 37 Pa. Code §63.4(5)(ii) by possessing a knife is hereby reversed and the corresponding twelve months backtime imposed by the Board for that violation must be deleted from the Board's parole revocation order of July 18, 1986. Accordingly, the Board's parole revocation order of July 18, 1986, shall be modified by deleting any

reference to technical parole violations and the back-time imposed shall be modified to twenty-four months as a convicted parole violator.

ORDER

NOW, January 14, 1987, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 4157-M, dated July 18, 1986, is hereby modified to delete the finding that Michael Weimer violated 37 Pa. Code §63.4(5)(ii) and the imposition of twelve months backtime as a technical parole violator. The order of July 18, 1986, thus modified to require Michael Weimer to serve twenty-four months on backtime as a convicted parole violator, is affirmed. The matter is remanded to the Pennsylvania Board of Probation and Parole for recomputation of a tentative reparole date consistent with this opinion.

Jurisdiction relinquished.