538 A.2d 595

James Wallace Morrow, a/k/a James Brown, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Argued October 7, 1987, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*John C. Armstrong,* Assistant Public Defender, with him, *Scott F. Breidenbach,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, February 25, 1988:

James Morrow, a/k/a James Brown (petitioner), appeals an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief from a Board recommitment order. At issue is the interpretation of our Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), potentially dispositive of the computation of petitioner's backtime in that he was simultaneously recommitted as both a technical and convicted parole violator.

We find it unnecessary to recite petitioner's criminal history at this juncture. Suffice it to say that petitioner was arrested on July 9, 1979 and charged with certain offenses related to a sexual assault. Following a hearing, he was recommitted to serve: (1) six months for violating conditions of his parole requiring that he refrain from engaging in assaultive behavior and from possessing a weapon, the latter violation now the subject of the instant appeal, and (2) forty months pertaining to his conviction of rape. Upon his request for review in light of the then newly-decided *Rivenbark,* the Board deleted reference to petitioner's technical violation for assaultive behavior but did not modify the duration of his backtime.

Upon appeal, petitioner presents an argument previously considered and rejected by this Court in *Threats v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 315, 518 A.2d 327 (1986), *appeal granted,* 516 Pa. 624, 532 A.2d 21 (1987). He submits that because he committed rape by holding his victim at knifepoint, his possession of the knife constituted conduct for which he was subsequently convicted, such that the Board was precluded by *Rivenbark* from imposing a technical violation for possession of a weapon.

The Board counters that *Rivenbark* is only applicable where the conduct comprising the technical violation is an *element* of the associated criminal offense as defined in the Crimes Code, 18 Pa. C. S. §§101-9183. Possession of a weapon is not an element of the crime of rape as so defined.[1] Our acceptance of its contention, as the Board concedes, would require us to overrule certain of our decisions, namely, *Weimer v. Pennsylvania Board of Probation and Parole,* 103 Pa. Commonwealth Ct. 180, 519 A.2d 1103 (1987), *Threats* and *Brewer v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 423, 507 A.2d 934 (1986), in which, the Board suggests, we have "needlessly struggled" to formulate a rule of law applicable to such cases. Indeed, the Board labels our *Rivenbark* progeny "strange". While we do not condone the Board's critique of our decisions in such terms, we find merit to its assertion. Our decisions may well have become unnecessarily esoteric, an evolution which we now clarify.

## I. *Rivenbark, Massey and Progeny*

We begin our analysis with consideration of our Supreme Court's decisions in *Rivenbark* and its companion case, *Massey v. Pennsylvania Board of Probation and Parole,* 509 Pa. 256, 501 A.2d 1114 (1985). *Rivenbark* involved a parolee who violated a special condition of his parole requiring that he refrain from possessing a

---

[1] Section 3121 of the Crimes Code, 18 Pa. C. S. §3121, defines rape as a felony of the first degree committed when a person "engages in sexual intercourse with another person not his spouse:
    (1)  by forcible compulsion;
    (2)  by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
    (3)  who is unconscious; or
    (4)  who is so mentally deranged or deficient that such person is incapable of consent."

weapon. His conviction on Federal firearms charges formed the basis of his recommitment as a convicted parole violator. In vacating that part of the Board's order imposing an independent period of recommitment for the technical violation, the Court concluded that such technical violation "was based upon an act, possessing a firearm, which constituted a new crime of which [parolee Rivenbark] was convicted." 509 Pa. at 255, 501 A.2d at 1114. The Court found controlling Section 21.1(b) of the Pennsylvania Board of Parole Act,[2] there held to "unambiguously express the legislature's intent that a parolee may not be recommitted as a technical violator based upon an act constituting a new crime of which he was convicted." *Id.*

*Massey* involved a parolee who, on two separate occasions, violated a condition of his parole requiring that he refrain from assaultive behavior. His recommitment as a convicted parole violator was based upon his convictions of certain sex offenses and simple assault, theft by unlawful taking or disposition and robbery pertaining to the above separate incidents, respectively. In accordance with *Rivenbark,* the court vacated the Board's imposition of a period of recommitment for the technical violations, based, as they were, on acts constituting new crimes for which Massey was convicted (the

---

[2] Section 21.1(b) of the Act of August 6, 1941, P.L. 861, *as amended,* added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(b), provides in pertinent part:

(b) Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, *other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the board* (emphasis added).

first breach of parole conditions occurring in his assault upon the manager of the store wherein the robbery occurred and which *"led to his conviction for simple assault and supplied a necessary element to his robbery conviction.* The second [assault occurred] in committing the rape for which he was convicted. . . ." (Emphasis supplied.) *Id.* at 259, 501 A.2d at 1116.

We will not now discuss *in toto* the permutations of *Rivenbark* in the decisions of this Court. However, we have variously interpreted *Rivenbark* and *Massey* to proscribe duplicative backtime: where the technical violation is "co-extensive" with the act embodied in the crime for which the parolee is subsequently convicted; *See Threats* (parolee's possession of a knife, to the extent that it constituted a necessary element or component of robbery, could not supply a basis for an independent recommitment); *See Brewer* (parolee's possession of a weapon was part of his commission of the offense of Terroristic Threats); and, finally, where the technical violation of weapon possession was an "integral part of" the parolee's commission of assault. *See Weimer,* 103 Pa. Commonwealth Ct. at 187, 519 A.2d at 1106.

## II. *The New Standard*

We believe the above cases evidence a need for a more precise and, therefore, practical, rule applicable to matters of this sort. Henceforth, our analysis is clear. To determine whether a parolee's technical violation, accompanied by the commission of a crime, may support an independent period of recommitment, we look to the definition of the criminal offense as it appears in the Crimes Code. If the conduct comprising the technical violation is therein defined as an element[3] of the crimi-

---

[3] Section 103 of the Crimes Code, 18 Pa. C. S. §103, pertinently defines "element of an offense" as "[s]uch conduct or such

nal offense, it cannot support independent backtime. Conversely, if the conduct is not so defined, independent backtime is warranted.

Our analysis is not novel; it finds precedent and logic in the common law doctrine of merger. In the Commonwealth, such doctrine can be traced at least as far back as *Harman v. Commonwealth*, 12 Serg. & Rawle 69 (1824) (cited in *Commonwealth v. Williams*, 344 Pa. Superior Ct. 108, 123, 496 A.2d 31, 39 (1985) (en banc), and therein recognized as embodying the double jeopardy protection against multiple punishment as well as the doctrine of lesser included offenses).

The question of merger arises where particular offenses necessarily involve one another. As a practical matter, if proof of one crime necessarily proves the other, they must be treated as the same offense. *Commonwealth v. Ayala*, 492 Pa. 418, 424 A.2d 1260 (1981); *Williams*. Conversely, of course, the offenses do not "merge" if additional facts are necessary to prove the second. In formulating our new analysis, we emphasize that the instant matter is an administrative proceeding not bound by precedents of criminal law. We here merely extrapolate the concept of merger from its usual milieu of criminal sentencing proceedings to the context of a civil parole revocation. That is, if the offenses merge, the technical violation cannot support an independent recommitment.[4]

---

attendant circumstances or such result of conduct as: (1) is included in the description of the forbidden conduct in the definition of the offense. . . ."

[4] The holdings of *Rivenbark* and *Massey* comport with our formulation. Having proven the criminal offense for which the respective parolee was convicted, no additional facts were necessary to prove the commission of conduct upon which the technical violation was premised.

Turning to the instant matter, we note that possession of a weapon is patently *not* an element of the offense of rape as defined in Section 3121 of the Crimes Code.[5] One may rape another without possessing a weapon. Moreover, proof of the technical violation of weapon possession requires the demonstration of facts other than those requisite to a conviction of rape; the two offenses do not merge. Within the context of the instant parole revocation, both offenses may thus support the imposition of independent periods of backtime. Accordingly, the Board's order in the instant matter is proper.

For future reference, we now clarify our standard as it applies to a Board recommitment order based upon a parolee's conviction of driving under the influence of alcohol (DUI) and the technical violation pertaining to his consumption of alcohol. *See e.g., Nicastro v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 569, 518 A.2d 1320 (1986), *appeal denied,* 515 Pa. 615, 530 A.2d 869 (1987) (the consumption of alcohol and the operation of a vehicle while under the influence of alcohol constituted separate acts, in that the parolee did not peform them simultaneously and such offenses warrant double backtime); *Keough v. Pennsylvania Board of Probation and Parole,* 95 Pa. Commonwealth Ct. 252, 505 A.2d 378 (1986).

Our standard newly-promulgated here in no way contravenes our prior decisions in this area. Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731, pertinently defines the offense of DUI as "driv[ing] any vehicle while: (1) under the influence of alcohol to a degree which renders the person incapable of safe driving. . . ." One may most assuredly consume alcohol, thereby violating one's parole, yet abstain from driving a vehicle.

---

[5] *See* Footnote 1.

More importantly, one may consume alcohol and yet drive safely. To obtain a DUI conviction requires the additional proof of impairment "to a degree which renders the person incapable of safe driving." In accordance with our standard, such requisite additional proof leads to the conclusion that the DUI offense does not merge with the technical offense of consuming alcohol. Both offenses, therefore, can support an independent period of recommitment. We do note, however, that the components of the converse situation *do* merge. That is, a parolee's DUI conviction may constitute proof of the technical parole violation requiring that he refrain from the consumption of alcohol.

### III.  *Conclusion*

In sum, the rule applicable to parole revocation proceedings entailing a parolee's simultaneous recommitment as both a convicted and technical parole violator is henceforth as follows: if the conduct upon which the technical violation is based is defined in the Crimes Code as an element of the associated criminal offense, the Board exceeds its authority in imposing a separate period of backtime pertaining to the technical violation. Conversely, if the technical violation is not so defined, the Board may impose an independent period of recommitment. To the extent that the rule here is inconsistent with *Weimer, Threats, Brewer* or other prior decisions of this Court, we here overrule those cases.

Accordingly, the Order of the Board denying administrative relief in the instant matter is affirmed.

### ORDER

AND NOW, this 25th day of February, 1988, the Order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.