539 A.2d 55

Robert L. Smith, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 21, 1988, to Judges BARRY, SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Frederick I. Huganir,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, March 22, 1988:
Petitioner, Robert L. Smith, appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying Petitioner's request for administrative relief from a Board parole revocation order which recommitted Petitioner as a technical parole violator and a convicted parole violator. We affirm.

On June 9, 1985, while on parole for a forgery offense, Petitioner was arrested for driving under the influence of alcohol. On August 18, 1985, Petitioner was recommitted by the Board to serve fifteen months backtime for consuming alcohol in violation of special condition No. 6 of his parole. On or about November 5, 1985, Petitioner pled guilty in the Court of Common Pleas of Cumberland County for driving under the influence of alcohol, and was sentenced to a period of ninety days to twenty-three months. On May 7, 1986, the Board ordered Petitioner recommitted to serve three months backtime as a convicted parole violator for the offense of operating a motor vehicle while under the influence of alcohol. Petitioner's requests for administrative relief were denied by the Board and this appeal followed.

The arguments presented for our consideration on appeal are: (1) whether the Board erred in recommitting Petitioner for fifteen months as a technical parole violator for drinking alcohol which was in violation of special condition No. 6 of his parole and for recommitting Petitioner for three months as a convicted parole violator for driving under the influence of alcohol because both grounds for recommitment involved acts which were coterminous acts; (2) whether Petitioner's rights under the Pennsylvania Constitution were violated by the Board's actions; (3) whether Petitioner waived his constitutional argument by failing to assert it before the Board; and (4) whether costs should be assessed against Petitioner pursuant to Pa. R.A.P. 2744.

In reviewing decisions of the Board, we are limited to a determination of whether the Board's decision is in accordance with the law, is supported by substantial evidence, or violates the parolee's rights. *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

Petitioner's first contention is that it was error for the Board to recommit him on a technical violation of special condition No. 6 of his parole which prohibited him from consuming alcohol and as a convicted parole violator for driving under the influence of alcohol pursuant to *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). This Court has previously considered this argument and rejected it. *Kramer v. Pennsylvania Board of Probation and Parole*, 104 Pa. Commonwealth Ct. 235, 521 A.2d 975 (1987);[1] *Nicastro v. Pennsylvania Board of Probation and Parole*, 102 Pa. Commonwealth Ct. 569, 518 A.2d 1320 (1986), appeal denied 515 Pa. 615, 530 A.2d 869 (1987); *Keough v. Pennsylvania Board of Probation and Parole*, 95 Pa. Commonwealth Ct. 252, 505 A.2d 378 (1986). Also see *Morrow v. Pennsylvania Board of Probation and Parole*, 114 Pa. Commonwealth Ct. 48, 539 A.2d 595 (1988).

Petitioner's second argument, that his rights pursuant to Article I, Section 9 of the Pennsylvania Constitution were violated, has been according to the Board waived because Petitioner failed to raise this issue before the Board. Our review of the entire record reveals that Petitioner did not raise this issue before the Board; therefore, it has indeed been waived pursuant to Pa. R.A.P. 1551. See *Threats v. Pennsylvania Board of Probation and Parole*, 102 Pa. Commonwealth Ct. 315, 518 A.2d 327 (1986), appeal granted 516 Pa. 624, 532 A.2d 21 (1987); *Prough v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 606, 467 A.2d 1234 (1983).

---

[1] Our Court docket reveals that a petition for allowance of appeal was filed by Petitioner with the Pennsylvania Supreme Court on April 14, 1987 and that said petition was denied on September 29, 1987.

Lastly, the Board argues that because Petitioner's appeal is frivolous, we should also assess costs against Petitioner pursuant to Pa. R. A. P. 2744. It is provided in Pa. R. A. P. 2744:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court *may* award as further costs damages as may be just, including
>
> (1)   A reasonable counsel fee
>
> (2)   Damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule. (Emphasis added.)

Thus, the assessment of such costs is within the discretion of the appellate court. Although it would seem to this Court that Petitioner's appeal herein has little merit, we should note that the Supreme Court has not yet addressed this issue. Therefore, the Board's request for assessment of costs pursuant to Pa. R. A. P. 2744 is hereby denied.

### ORDER

AND NOW, this 22nd day of March, 1988, we will affirm the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter. However, we will deny the request of the Pennsylvania Board of Probation and Parole for assessment of costs against Petitioner pursuant to Pa. R. A. P. 2744.