544 A.2d 111

James Amaker, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 26, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *Rita L. Yake,* Appellate Counsel, *John H. Corbett, Jr.,* Chief-Appellate Division, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, July 20, 1988:

James Amaker (petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which ordered petitioner recommitted for twenty-four (24) months as both a technical violator and a convicted parole violator. Having been denied his request for administrative relief, this appeal follows. We affirm.

On October 20, 1980, petitioner was paroled with the condition that he refrain from consuming alcohol (special condition No. 6). On January 26, 1987, petitioner was arrested and charged with driving under the influence of alcohol (DUI).[1] Petitioner waived his right to

---

[1] 75 Pa. C. S. §3731(a)(1).

a full Board hearing and, on June 12, 1987, was granted a hearing before a Board examiner. At this hearing, the Board presented a certified copy of petitioner's conviction of DUI and, additionally, petitioner admitted that he violated special condition No. 6. Therefore, petitioner was ordered recommitted for a total backtime of twenty-four (24) months, eighteen (18) months for the technical violation and six (6) months as a convicted violator.

Petitioner argues that since the consumption of alcohol stemmed directly from his conviction for DUI, his recommitment as a technical violator is infirm. To support this contention, petitioner relies on *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985) and its holding that the Board may not use as a basis for a technical violation behavior which also led to a criminal conviction. Petitioner further argues that under the necessary element rationale of our recent decision in *Morrow v. Pennsylvania Board of Probation and Parole,* 114 Pa. Commonwealth Ct. 48, 538 A.2d 595 (1988), that the consumption of alcohol is an element of the associated criminal offense, thereby alleging that the Board exceeded its authority in imposing an independent period of recommitment.

The Board successfully counters petitioner's argument by stating that this Court has consistently held that a parolee may be properly committed as a technical parole violator for consumption of alcohol in violation of a special condition of parole where the parolee is also convicted of the offense of driving under the influence. *Kramer v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 235, 521 A.2d 975 (1987), *appeal denied,* 517 Pa. 600, 535 A.2d 1059 (1987); *Nicastro v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 569, 518 A.2d 1320

(1986), *appeal denied,* 515 Pa. 615, 530 A.2d 869 (1987); *Keough v. Pennsylvania Board of Probation and Parole,* 95 Pa. Commonwealth Ct. 252, 505 A.2d 378 (1986). Furthermore, in *Morrow,* we specifically stated that the necessary element rationale "in no way contravenes our prior decisions in this area." *Id.* at 54, 538 A.2d at 599.

Petitioner also argues that the Board erred in imposing an excessive period of backtime. It is well settled that the imposition of backtime is exclusively within the Board's jurisdiction. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984). Absent an abuse of this discretion, this Court will not interfere with the Board's decision. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). Petitioner admits that the backtime he received was within the presumptive range. He argues, however, that since he had problems with alcohol, the Board should have considered this as a mitigating factor before imposing backtime. While the petitioner may have severe alcohol related problems, it is not for this Court to change the imposition of backtime which is clearly within the presumptive range. The presumptive range for DUI is three (3) to six (6) months, 37 Pa. Code §75.2, and we have deferred to the Board's expertise in determining that a violation of a special condition carries a presumptive range of three (3) to eighteen (18) months. *See Johnson v. Pennsylvania Board of Probation and Parole,* 107 Pa. Commonwealth Ct. 183, 527 A.2d 1107 (1987).

Surely, the Board considered petitioner's arguments and acted accordingly. Therefore, since the imposition of backtime imposed is within the presumptive range, this Court must affirm the Board.

The Board contends that petitioner's appeal is wholly frivolous warranting an assessment of costs and reasonable attorney's fees pursuant to Pa. R.A.P. 2744. The Board argues that since the only issues raised by petitioner were that the Board lacked the power to recommit him as a technical parole violator for the consumption of alcohol and that the backtime imposed for those violations is harsh and excessive the assessment of costs is warranted. With the Board's contentions we agree. The Board has the power to recommit an individual as both a technical and convicted parole violator for a conviction of DUI.

In this Court's recent cases of *Smith v. Pennsylvania Board of Probation and Parole*, 117 Pa. Commonwealth Ct. 220, 543 A.2d 221 (1988), (Smith II) and *Smith v. Pennsylvania Board of Probation and Parole*, 114 Pa. Commonwealth Ct. 544, 539 A.2d 55 (1988) (Smith I), we held that it is within this Court's discretion to impose costs under Pa. R.A.P. 2744 for wholly frivolous appeals. Since the legal arguments presented by the petitioner have been well settled in this Commonwealth and he does not challenge the underlying revocation but only the imposition of backtime, which this Court cannot reverse absent an abuse of discretion, we find that the petitioner's appeal is wholly frivolous. *See Congo v. Pennsylvania Board of Probation and Parole*, 104 Pa. Commonwealth Ct. 511, 522 A.2d 676 (1987). In keeping with the policy of "discourag[ing] frivolous appeals so that justice may be more expeditiously served by directing our attention to legitimate claims,"[2] we affirm the Board's order and grant its request for costs under Pa. R.A.P. 2744. In *Smith II*, we also held that costs may be imposed upon the participants which are defined as either litigants, witnesses or their counsel.

---

[2] *Smith II.*

Accordingly, we affirm the Board's order and will grant its request for costs[3] under Pa. R. A. P. 2744 to be assessed against petitioner and the Public Defender of Allegheny County jointly and severally.

ORDER

AND NOW, this 20th day of July, 1988, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed and the following costs are granted pursuant to Pa. R. A. P. 2744:

(1) Duplication of certified record (62 pages x 3 copies at $ .15 per page). . . . . . . . . . . $27.90

(2) Duplication of respondent's brief (19 pages x 18 copies at $ .15 per page). . . . . . . . $51.30

(3) Duplication of respondent's motion for counsel fees (7 pages x 6 copies at $ .15 per page) . . . . . . . . . . . . . . . . . . . . . . . $ 6.30

(4) Transcribing of August 4, 1981 violation/ revocation hearing; Blair County Reporting Service (10 pages at $ .03 per page). . . . . . $ .30

TOTAL COSTS . . . . . . . . . . . . $85.80

---

[3]While the Board has requested both costs and reasonable attorney's fees, in exercising our discretion under Pa. R. A. P. 2744, we choose to impose costs only.