576 A.2d 50

**James AMAKER, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 26, 1989.

Decided June 13, 1990.

Shelley Stark, Chief–Appellate Div., Office of the Public Defender, Pittsburgh, for appellant.

John W. Packel, Philadelphia, for Public Defender Ass'n of Pennsylvania, amicus curiae.

Ernest Preate, Atty. Gen. and Robert Greevy, Chief Counsel, Timothy P. Wile, Asst. Chief Counsel, Pennsylvania Bd. of Probation and Parole, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

In the instant appeal we are faced once more with the question of whether the Commonwealth Court properly assessed attorney's fees for the filing of a frivolous appeal. In *Smith v. Pennsylvania Board of Probation and Parole*, 524 Pa. 500, 574 A.2d 558 (1990), we determined that an appellate court had the power to assess attorney's fees against court-appointed counsel who had filed a frivolous appeal. However, for the following reasons, we find that the appeal brought before the Commonwealth Court in this case was not frivolous, and we reverse the Order of the Commonwealth Court. 118 Pa.Cmwlth. 63, 544 A.2d 63.

Appellant, James Amaker, was paroled from a sentence in 1980. A Special Condition of his parole was that he refrain from the consumption of alcohol. On January 26, 1987, appellant was arrested and charged with Driving Under the Influence ("DUI") in violation of 75 Pa.C.S. § 3731(a)(1). The Pennsylvania Board of Probation and Parole ("Board") thereupon charged him with two parole violations, one for the criminal conviction, and one for the technical violation of failure to refrain from the consumption of alcohol. After a hearing the Board revoked appellant's parole and recommitted him as both a convicted and a technical violator. Appellant was recommitted to six months as a convicted violator and to eighteen months as a technical violator, a total of twenty-four months.

Upon receiving notification of the recommitment, appellant filed a request for administrative relief from that decision. When this request was denied, appellant filed a timely *pro se* Petition for Review in Commonwealth Court. Counsel was appointed by the Court to represent appellant and thereafter filed a brief alleging, *inter alia,* that appellant's recommitment violated this Court's decision in *Rivenbark v. Commonwealth, Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985). In this regard, appellant claimed that the Board's order recommitting him to two separate periods of recommitment, one for a technical violation and one for a convicted violation, was error because the same act constituted the basis for both the technical and the convicted violations. Appellant contended that the *Rivenbark* decision prohibited the imposition of two separate recommitment periods for the same act. Appellant acknowledged that the Commonwealth Court had interpreted the *Rivenbark* decision several times, but argued that the cases in which that court had done so were too inconsistent to provide a clear standard. Nevertheless, the Commonwealth Court rejected appellant's claims and dismissed the issue as frivolous. Pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2744, the court

imposed sanctions against appellant and counsel, jointly and severally, in the nature of attorney's fees.

■  Appellant now reiterates his argument that his *Rivenbark* claim was not frivolous because of the confusion that existed in the Commonwealth Court at the time of his appeal with respect to the *Rivenbark* decision. Appellant contends that the revocation order issued by the Board directly contravenes the holding in *Rivenbark*, wherein this Court held that a parolee may not be recommitted as a technical violator for an act which violates the technical terms and conditions of his parole and which also constitutes a new crime of which he was convicted.

The Board counters this argument by asserting that the Commonwealth Court properly determined the issue raised by appellant to have been well-settled in that court. The Board cites several cases wherein it alleges that the Commonwealth Court consistently decided that *Rivenbark* did not prevent the Board from recommitting a parolee as a technical parole violator for violating a special condition prohibiting the consumption of alcohol even where the parolee also was convicted of DUI. Appellee's brief at page 39, *citing Morrow v. Pennsylvania Board of Probation and Parole,* 114 Pa.Commw. 48, 538 A.2d 595 (1988); *Nicastro v. Pennsylvania Board of Probation and Parole,* 102 Pa.Commw. 569, 518 A.2d 1320 (1986); *Keough v. Pennsylvania Board of Probation and Parole,* 95 Pa. Commw. 252, 505 A.2d 378 (1986).

The standard by which an appeal is to be judged frivolous was set forth by this Court in *Smith v. Pennsylvania Board of Probation and Parole, supra.* In *Smith* we determined that, although lack of merit is not the equivalent of frivolity, a frivolous appeal was one which lacked *any* basis in law or fact. *Smith,* at 562 (1989). Where an appeal was brought before a lower tribunal for the purpose of having the underlying issues addressed by this Court, the appeal was not necessarily frivolous. *Id.* Similarly, where, as here, the lower court has misapplied or has applied inconsistently a ruling of this Court, an appeal brought for

the purpose of clarifying that ruling cannot be considered frivolous. *See, e.g., Threats v. Pennsylvania Board of Probation and Parole,* 520 Pa. 182, 553 A.2d 906 (1989).

In *Threats v. Pennsylvania Board of Probation and Parole, supra,* this Court examined the confusion that had reigned in the Commonwealth Court following our decision in *Rivenbark.* As an example of this confusion, we cited several decisions by the Commonwealth Court in which that court had inconsistently applied the rule established in *Rivenbark.* We note that three of these cases are the very cases cited by the Board in this appeal: *Morrow, supra; Nicastro, supra;* and *Keough, supra. Threats, supra,* 520 Pa. at 186 n. 7, 553 A.2d at n. 7. The instant appeal was filed before our decision in *Threats,* but during the period of confusion that existed prior to our consideration of that case. In fact, in *Morrow, supra,* the Commonwealth Court itself noted the inconsistencies in its interpretations of *Rivenbark* and attempted to set forth a new standard. *Morrow, supra,* 114 Pa.Cmwlth. at 52–54, 538 A.2d at 597–98. In such a situation it cannot be said that the area of law implicated in the instant appeal was "well-settled" in the Commonwealth Court. Rather, the muddled state of law in the Commonwealth Court on this issue yields the inevitable conclusion that the instant appeal was not frivolous.

■ As we have noted, however, the fact that an appeal is not frivolous does not mean that the appeal is meritorious. Thus, notwithstanding the fact that the instant appeal is not frivolous, appellant's claim with respect to the Rivenbark issue is meritless. In *Threats* the Court clarified *Rivenbark* to require a determination of whether the technical parole violation is also a criminal offense for which the parolee was convicted. In the instant matter the technical violation, consumption of alcohol, is not an independent basis for the criminal conviction. The convicted violation was based upon appellant's conviction for DUI, which involves the additional element of operating a motor vehicle. *See, Threats, supra,* 520 Pa. at 188, 553 A.2d at 909

(technical violation for possession of a weapon, a knife, was not co-extensive with a conviction for robbery). Thus, the same act was not used as a basis for a technical violation and a convicted violation, and the Board's recommitment of appellant for both types of violations was correct.

Accordingly, the Order of the Commonwealth Court dismissing appellant's appeal as frivolous and assessing costs and attorney's fees is reversed, and the recommitment order of the Parole Board is affirmed.

PAPADAKOS, J., files a joining concurring opinion.

LARSEN and ZAPPALA, JJ., concur in the result.

PAPADAKOS, Justice, concurring.

I join with the majority but write separately to point out that had the Board followed the statute and recommitted the Appellant to serve the remainder of his term as a convicted violator, we would have been saved the burden of expending precious judicial time on this case.

The pertinent provisions of the Pennsylvania Board of Parole Act, Act of August 6, 1941, P.L. 861, § 21.1, added August 24, 1951, P.L. 1401, § 5, as amended June 28, 1957, P.L. 429, § 1, 61 P.S. § 331.21a, provides as follows:

> (a) Convicted violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record may, at the discretion of the board, be recommitted as a parole violator. *If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.* (emphasis added)

The above quoted section is clear, concise and unambiguous and admits of no discretion in the time to be served by a convicted violator if the board exercises its discretion to recommit. The board cannot adopt regulations to contradict the meaning of the statute. If the board wishes to reparole at a later time, that is a different matter. I do not believe the board can exercise its discretion to reparole at the time it orders recommitment. The practice of commingling recommitments for convicted and technical violations arising out of the same criminal occurrences causes confusion and repetitious appeals that would be eliminated if the board would only follow the law and reenter the convicted violator to serve the full term remaining on the sentence.