# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                      :
                                          :
                v.                        :      No. 1208 C.D. 2018
                                          :      Submitted: August 2, 2019
Kenneth Colter                            :
                                          :
Appeal of: Gordon Parks                   :


BEFORE:      HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                      **FILED: August 20, 2019**


        Gordon Parks (Appellant), pro se, appeals from an Order of the Court of Common Pleas of Philadelphia County (trial court), dismissing his Motion to Redeem Premises (Motion to Redeem) as untimely. Appellant sought to redeem property located at 5507 Wheeler Street, Philadelphia (the Property), which was sold for unpaid taxes on February 22, 2017. Because Appellant's Motion to Redeem was filed outside the nine-month statutory redemption period set forth in Section 32 of the Municipal Claims and Tax Liens Act (MCTLA),[1] we affirm.

        On May 26, 2016, the City of Philadelphia (City) filed an amended tax petition seeking to sell the Property for unpaid taxes. The City named as the

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. § 7293.

registered owner Kenneth Colter. The trial court issued a rule returnable for hearing on October 20, 2016. The door of the Property was posted with notice, and the City mailed Colter, the mortgagee, various lien holders, and the unnamed "Occupant" of the Property copies of the petition and rule by certified and first-class mail. Following the rule returnable hearing, the trial court issued a decree on October 24, 2016, authorizing the Property's sale. The decree was mailed to Colter, the mortgagee, various lien holders, and the unnamed "Occupant" of the Property by first-class mail. The Property sold at sheriff's sale on February 22, 2017, to Lisa Holland. The sheriff's office acknowledged the deed on March 2, 2017.

On May 10, 2017, Appellant filed a petition to intervene, wherein he alleged that he had owned the Property since 2013. In support thereof, Appellant attached a copy of an unrecorded deed dated May 28, 2013, in which Colter gifted Appellant the Property. Appellant also appended to his petition to intervene a letter purportedly signed by Colter and Appellant in which Colter stated he is giving Appellant the Property as a wedding gift. A rule to show cause was issued on May 11, 2017, returnable on June 1, 2017. No parties filed any response to Appellant's petition to intervene. Accordingly, on June 1, 2017, the trial court granted Appellant permission to intervene.

Thereafter, there was no docket activity until February 26, 2018, at which time Appellant filed his Motion to Redeem. In his Motion to Redeem, Appellant avers as follows: he has been living in the Property since his release from incarceration; Colter was his uncle who recently died; Colter did not advise Appellant that taxes were owed; Appellant has restored the Property; and living with Appellant was his small child and his oldest child, who was expecting a child

2

of her own. If the Motion to Redeem is granted, Appellant stated "I will make necessary arrangements to get on a payment plan and start paying the taxes needed to stay in the house we have made a home for the last 9 years." (Motion to Redeem, Record (R.) Item 13.) A rule to show cause was issued, returnable for May 2, 2018. The City filed a response, stating the Motion to Redeem was filed a year after the sheriff's deed was acknowledged. Therefore, the City asked that the trial court deny the Motion to Redeem.

On May 2, 2018, the trial court issued its Order denying the Motion to Redeem. Appellant filed a timely notice to appeal.[2] In support of its Order, the trial court issued an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), wherein the trial court stated it properly denied the Motion to Redeem as it was untimely under Section 32 of the MCTLA.

On appeal,[3] Appellant's arguments are difficult to follow but he appears to challenge the City's ability to sell the Property at sheriff's sale because of an alleged agreement that was "on the table" to pay the taxes in installments. (Appellant's Brief (Br.) at 4.) In addition, Appellant argues the trial court erred in dismissing his Motion to Redeem as untimely, claiming a two-year statute of limitations applies as the City's taking of private property constitutes an unspecified tort. Appellant also makes several statements claiming he was told the October 20, 2016 hearing, which was the date the rule was returnable on the City's amended tax petition, was postponed when it was not. Appellant asserts his

---

[2] Appellant appealed to the Pennsylvania Superior Court, which transferred this matter to our Court.

[3] Our review is limited to determining whether the trial court abused its discretion, rendered a decision unsupported by substantial evidence, or erred as a matter of law. *City of Philadelphia v. Robinson*, 123 A.3d 791, 794 n.2 (Pa. Cmwlth. 2015).

3

constitutional rights are being violated by the taking of his property. He asks the Court to "set aside" the sale and "to compel [the trial] court to revers[e] all decrees[,] liens[, and] sales and restore allotment agreement of payment to $7,000 and a[] monthly payment of $300 til payed [sic] off." (*Id.* at 6-7.)

The City responds that the Motion to Redeem was untimely filed, as it was filed almost one year after the sheriff's deed was acknowledged, which is outside the nine-month period set forth in the MCTLA. Alternatively, the City argues that the Motion to Redeem was defective in that there is no averment that Appellant was ready, willing, and able to pay the redemption amount, which is a requirement of the MCTLA. To the extent Appellant is seeking to transform his Motion to Redeem into a motion to set aside the sale, the City argues he cannot for two reasons. First, this Court would lack original jurisdiction over such a claim. Second, even if his Motion to Redeem before the trial court was intended to be a motion to set aside the sale, it, too, would have been untimely, as the time period to set aside a sale is even shorter under the MCTLA than the time period to redeem. As for Appellant's argument that the taking of his property was a tort, the City argues there is no legal support for his argument. The City further argues that many of Appellant's arguments have been waived as they were not raised in the trial court. To the extent Appellant is challenging service, the City asserts Appellant lacks standing as his interest in the Property was not recorded, and the MCTLA requires service to registered interest holders. Finally, the City seeks sanctions for what it considers a frivolous appeal based on Appellant's "blatant untruths," which has caused the City to expend time and money responding to his baseless claims. (City's Br. at 15.)

4

We begin with an examination of Section 32 of the MCTLA, which governs the redemption process. Section 32 provides, in pertinent part, as follows:

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided in subsection (c) of this section [(related to vacant property)], redeem the same at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments. . . .

(b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

. . . .

53 P.S. § 7293(a), (b).

Here, the sheriff's deed was acknowledged on March 2, 2017. Thus, pursuant to Section 32, Appellant had nine months, or until December 2, 2017, to seek redemption. Appellant, however, filed his Motion to Redeem on February 26, 2018, three months after the nine-month redemption period ended. Thus, we cannot conclude the trial court erred in dismissing Appellant's Motion to Redeem as untimely.

5

Appellant argues that the City's taking of his property constituted some sort of tort action, to which a two-year statute of limitations applies. Appellant cites no authority for this theory, nor can we find any. The MCTLA plainly sets forth that property owners can seek redemption of their property within nine months of acknowledgement of the sheriff's deed. 53 P.S. § 7293(a). As explained above, Appellant filed his Motion to Redeem nearly a year after the sheriff's deed was acknowledged. This was untimely.

Appellant further contends that he had an agreement with the City to make payments on the Property and accordingly, the sheriff's sale was premature. There is no evidence of record to support Appellant's contentions. In fact, his Motion to Redeem appears to belie this fact. In his Motion to Redeem, Appellant asserts if the Motion to Redeem is granted, he "will make necessary arrangements to get on a payment plan and start paying the taxes . . . ." (Motion to Redeem, R. Item 13.) This conveys a future intent to do so, not a past action.

Appellant also argues he was misled into believing that the rule to show cause hearing scheduled for October 20, 2016, was postponed when it was not. Again, there is no evidence of record to support that. Nevertheless, assuming this is true, Appellant has not shown how his rights were harmed by this. Appellant subsequently intervened in the action. After intervening, Appellant did nothing to advance his position for eight months.

It is not clear if Appellant is arguing that he should have been served as the owner of the Property. To the extent he is making such an argument, we agree with the City that this is incorrect. There is no evidence that the deed purporting to convey the Property from Colter to Appellant was recorded and/or registered. Section 39.2(b) of the MCTLA provides:

6

[n]o party whose interest did not appear on a title search, title insurance policy or tax information certificate or who failed to accurately register his interest and address pursuant to section 39.1 of this act[4] shall have standing to complain of improper notice if the city shall have complied with subsection (a) of this section.

53 P.S. § 7193.2(b).[5]  Subsection (a) requires the City to post a copy of the tax lien petition on the most public part of the property, mail a copy of the petition and rule to show cause to registered, interested parties, and mail a copy to interested parties of record that have not registered their interest but appear in a title search, title insurance policy, or tax information certificate.  53 P.S. § 7193.2(a).  The City posted the Property and mailed notice to Colter, as the registered owner, the mortgagee, and several lienholders, whose interests were of record.  There is no evidence, and Appellant does not allege, that Appellant registered his interest

---

[4] Section 39.1 was added by Section 4 of the Act of December 14, 1992, P.L. 850, and provides:

> (a) Any owner of real property located within a city of the first class, any mortgagee thereof or any person having a lien or claim thereon or interest therein shall register a notice of interest with the department of the city of the first class responsible for collection of tax and municipal claims stating his name, residence and mailing address and a description of the real property in which the person has an interest.  A notice of interest shall not be required for any mortgage or interest otherwise properly recorded in the Office of the Recorder of Deeds provided the document contains a current address sufficient to satisfy the notice requirements of this section.  The interested party shall file an amended registration as needed.

> (b) After the completion and filing of a notice of interest, a city of the first class shall serve all petitions, rules and other notices required by this act on those interested parties at the registered address.

> (c) A city of the first class may promulgate regulations for the bulk registration of notices of interest.

53 P.S. § 7193.1.

[5] Section 39.2 was added by Section 4 of the Act of December 14, 1992, P.L. 859.

pursuant to Section 39.1 of the MCTLA, 53 P.S. § 7193.1. Furthermore, the City served "Occupant" at the Property's address. Thus, Appellant cannot complain of lack of service.

Appellant also appears to argue that the sale violated his constitutional rights, although it is not clear in what way. Because Appellant did not raise these challenges in his Motion to Redeem, the arguments are waived. Rule 302(a) of the Pennsylvania Rules of Appellate Procedure provides that issues not raised in the trial court are waived on appeal. Pa.R.A.P. 302(a). Our Supreme Court previously explained the importance of issue preservation:

> By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. . . . This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. . . . Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. . . . Finally, concepts of fairness and expense to the parties are implicated as well.

*In re F.C. III*, 2 A.3d 1201, 1211-12 (Pa. 2010) (internal citations omitted). Because Appellant did not raise these arguments in his Motion to Redeem filed with the trial court, he is precluded from doing so on appeal.

Next, we briefly address the relief Appellant seeks. He asks the Court "to compel [the trial] court to revers[e] all decrees[,] liens[, and] sales and restore allotment agreement of payment to $7,000 and a[] monthly payment of $300 til payed [sic] off." (Appellant's Br. at 7.) In essence, Appellant is asking this Court to set aside the sheriff's sale. This is different from the Motion to Redeem that he filed with the trial court. Redemption permits a party to essentially buy back the

8

property, whereas a petition to set aside a sale challenges the validity of the sale in the first place. *See* Section 39.3 of the MCTLA, 53 P.S. § 7193.3.[6]  Appellant's Motion to Redeem states he wanted to make payment arrangements so he could keep the Property, which he and his family call home.  Appellant does not make any averments that could be construed as challenging the validity of the sale. Appellant cannot now change the theory he seeks to pursue on appeal to this Court. If Appellant is truly attempting to challenge the validity of the sale, he must first do so through the trial court.[7]

Finally, we must address the City's request for sanctions.  The City contends Appellant's appeal is frivolous and contains "blatant untruths."  (City's Br. at 15.) It seeks sanctions in the amount of $2,400, which represents the 8 hours it spent responding to Appellant's appeal at a rate of $300 per hour, which the City considers a reasonable market rate for the work.

Pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure, the Court may award reasonable counsel fees "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious."  Pa.R.A.P. 2744. "[A]n appeal is not frivolous merely because it lacks merit. . . .  Rather, the appeal must have no basis in law or in fact."  *In re Appeal of Dunwoody Vill.*, 52 A.3d 408, 424 (Pa. Cmwlth. 2012).  We have explained that "[s]uch a high standard is necessary to avoid discouraging parties from bringing appeals due to fear of being

---

[6] Section 39.3 was added by Section 4 of the Act of December 14, 1992, P.L. 859.

[7] We note, however, that even if Appellant's Motion to Redeem was intended as a petition to set aside the sale, it, too, would have been untimely.  Under Section 39.3 of the MCTLA, "[a]ll parties wishing to contest the validity of any sale . . . , including the sufficiency of any notice, . . . must file a petition seeking to overturn the sale . . . within three months of the acknowledgement of the deed to the premises by the sheriff."  53 P.S. § 7193.3.

sanctioned." *Id.* Whether to assess sanctions is within the Court's discretion. *Smith v. Pa. Bd. of Prob. & Parole*, 539 A.2d 55, 57 (Pa. Cmwlth. 1988). Although we understand the City's frustration in responding to Appellant's arguments, we cannot find Appellant's appeal was frivolous, brought solely as a delay tactic, or Appellant's conduct was dilatory, obdurate, or vexatious. Therefore, although we affirm the trial court's Order, we decline to assess sanctions.

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia :
:
v. : No. 1208 C.D. 2018
:
Kenneth Colter :
:
Appeal of: Gordon Parks :

# **O R D E R**

**NOW**, August 20, 2019, the Order of the Court of Common Pleas of Philadelphia County, dated May 2, 2018, is **AFFIRMED**. The City of Philadelphia's request for sanctions is **DENIED**.

 

_____

**RENÉE COHN JUBELIRER,** Judge